THOMAS DAVIS *et al.*, Appellants, *v.* SHAPLEIGH, DAY *et al.*, Appellees.

### AGREED CASE FROM MORGAN.

An attachment proceeding does not abate by the death of the defendant.

BEFORE the April term of the Greene Circuit Court, A. D. 1854, attachments were issued by the clerk of that court against one William Pankey, at the suit of Duvall, Keighler & Dorsey, Shapleigh, Day & Co., Eddy, Jameson & Co., Manny, Weld & Drake, and many other parties, which attachments were levied by the sheriff of Greene county, on certain personal property in the hands of Thomas Davis, Ransom Davis and John B. Choquette, who severally gave bond according to the statute for the delivery of the same, each for the property in his possession.

The writs of attachment were also served by the sheriff of said county, on Thomas Davis, Ransom Davis, John B. Choquette, John Amos, Alfred Ayers, Rescorick Ayers, John Wyatt, Joshua Jones, and William M. Neece and others, as garnishees. The affidavits upon which the attachments were issued, charged as follows:  That said William Pankey has departed from this State, with the intention of having his effects removed from the said State of Illinois.  Publication was made, and at the April term, 1854, of the Greene Circuit Court, the following proceedings were entered of record:

Thomas Davis interplead, claiming the property levied on at the suit of Shapleigh, Day & Co.

Ransom Davis and John B. Choquette interplead, claiming the personal property levied on at the suit of Duvall, Keighler & Dorsey, and Manny, Weld & Drake.

Davis et al. *v.* Shapleigh, Day et al.

At the same term the following order was made by the court:

Duvall, Keighler & Dorsey,
*vs.* } *Attachment.*
William Pankey.

Came the parties by their attorneys, and on motion, Ransom Davis filed his plea of interpleader herein.

Shapleigh, Day & Co.,
*vs.* } *Attachment.*
William Pankey.

Came the parties by their attornies, and on motion, Thomas Davis filed his plea of interpleader herein, and, on motion, the defendant filed a plea in abatement.

Duvall, Keighler & Dorsey,
*vs.* } *Attachment.*
William Pankey.

Shapleigh, Day & Co.,
*vs.*
William Pankey.

Shapleigh & Day,
*vs.* } *Attachment.*
William Pankey.

Eddy, Jameson & Co.,
*vs.*
William Pankey.

And sixteen other cases against same defendant.

By consent, it is ordered that the venue in the above entitled causes be changed to the county of Morgan, Thomas Davis, Ransom Davis, John B. Choquette, having filed their interpleaders, claiming the property levied on by virtue of the above attachments, a list of the property claimed, being appended to the pleas, and on their motion the venue is changed as to them in the cases in which they interplead; and it is agreed that the costs of the interpleaders are to be paid by the interpleading parties, and all other costs abide the event of the suit. It is therefore ordered by the court, That the clerk of this court transmit all the papers herein, together with copies of the record, to the clerk of the Morgan Circuit Court.

Afterwards, at the March term of the Morgan Circuit Court, to wit: on the 28th day of March, 1855, Thomas Davis, garnishee, etc., suggested that William Pankey died on the — day of May, A. D. 1854, and filed affidavits in support thereof, and moved the court as follows:

Shapleigh, Day & Co.,
*vs.* } *Attachment.*
William Pankey.

Thomas Davis, garnishee herein, comes and moves the court that he be discharged for the following reasons:

1st. Because the defendant, since the suing out of the attachment herein, has departed this life.

2nd. Because, by the death of defendant, the attachment is dissolved.

Which said motion the court overruled *pro forma.*

At the same term of the Morgan Circuit Court, the following proceedings were had:

Shapleigh, Day & Co., 
    *vs.*                } *Attachment.*
William Pankey.

In this case came the plaintiffs by their attorneys, Hodges & Smith, the death of the defendant having been hitherto suggested, as also came Wilford D. Wyatt, as administrator of said deceased, in proper person, into open court, and confessed judgment in favor of the plaintiffs for the sum of six hundred and fifty-one dollars and seventy-five cents, damages and cost of suit. It is therefore considered by the court that the said plaintiffs recover of the said Wilford D. Wyatt, as administrator as aforesaid, said damages and costs. It is also ordered by the court that *scire facies* be issued against garnishees in this case, returnable to the next term of this court, to which this cause is continued.

And similar orders were entered of record in all the cases named in the record of Greene Circuit Court.

And afterwards, to wit: at the October term of the Morgan Circuit Court, the following proceedings were had in said court:

Shapleigh, Day & Co., 
    *vs.*                 }
Wilford D. Wyatt, Adm'r.

Thomas Davis comes and moves the court here to direct the cancellation of the bond given by him for the delivery of the property herein attached, for the following reasons:

1st. Because, since the issuing of the attachment herein, the defendant has departed this life.

2nd. Because, by the proceedings herein, as appears of record, the said property has been released from said attachment.

And Ransom Davis made a similar motion in the cases of Duvall, Keighler & Dorsey, and Manny, Weld & Drake, and filed similar reasons.

Which said motions having been heard by the court, it was ordered, *pro forma,* that the same be overruled.

And, therefore, it was agreed by the counsel for the said plaintiffs, and the counsel for the said Thomas Davis and Ransom Davis, that the following questions of law arise in the cases aforesaid:

1st.   Do the attachments issued herein abate by the death of said William Pankey?

2nd.   Is the property seized under the attachments, released therefrom by the death of the defendant?

3rd.   Are the garnishees discharged by the death of the defendant in the attachments?

4th.   Is the property attached, released by the judgment against Wilford D. Wyatt, administrator, and are the garnishees released?

5th.   Can any further proceedings be had against the garnishees, and can they be required to answer in Morgan county?

HODGES & SMITH, Attorneys for Plaintiffs.

PALMER & PITMAN, Attorneys for Defendants.

CATON, C. J.   The only question in this case is, whether the eighth section of our abatement law applies to proceedings by attachment.   With some reluctance, we find ourselves constrained by the seventh and thirty-fifth sections of the attachment law, to hold that it does.   The eighth section of the abatement law provides that where there is but one defendant in an action which might be prosecuted against heirs, devisees, executors or administrators, and he dies before final judgment, the action shall not thereby abate, but his death may be suggested on the record, and his proper representatives made parties defendants to the action.   We appreciate the force of the objections which were urged against applying this section to attachment proceedings, and were we not controlled by what we consider the peremptory requirements of the statute, clearly indicating, as we think, the intention of the legislature, that it shall be applicable, we should be inclined to hold that an attachment is abated by the death of the defendant before judgment.   The seventh section of the attachment law, after specifying by what names defendants may be sued by attachment, proceeds: "And heirs, executors and administrators of deceased defendants shall be subject to the provisions of this chapter in all cases in which it may be applicable to them."   Now this shows that it was the intention of the legislature that the decease of the defendant should not necessarily abate the proceeding, for it provides that their representatives shall be subject to the provisions of the law whenever it is applicable to them.   Without stopping to explain what is meant by the term " applicable to them," it is clear that it was the purpose of the legislature that attachment suits might, in some cases at least, be continued against them.   It certainly was not the design of

this provision to give an original attachment against them, otherwise it would have used the word *debtor*, instead of " defendant." No man could die a defendant unless the proceeding was pending against him at the time of his death. But even if we could get over this seventh section, the thirty-fifth section presents an insuperable difficulty. It is this: " The provisions of chapter one, of the Revised Statutes, shall be applicable to proceedings in attachment, as to other cases." That chapter one is our abatement law, to the eighth section of which we have already referred. It is but begging the question to say that none of the provisions of that chapter are applicable to attachment proceedings. The legislature has said that they shall be applicable, and so we are bound to apply them in some way, and with such application make it work as harmonious as we can. There is no avoiding this mandate of the law, except by repealing it, which we have not the authority to do.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*