FRELLSON VS. GREEN AS AD.

The levy of an attachment upon lands or goods, constitutes a specific inchoate lien thereon, which is not cut off by the death of the defendant, but is perfected, as of the date of the levy, upon a judgment against his administrator.

*Error to Phillips Circuit Court.*

Hon. CHARLES W. ADAMS Circuit Judge.

WATKINS & GALLAGHER and PALMER for the plaintiff.

Does the death of a defendant, after levying an attachment and before judgment, *ipso facto*, dissolve the attachment? We think not. *Digest, chap.* 17, *secs.* 9, 15, 31, 47, 51; *Burvell vs. Robinson,* 5 *Gilman* 582; *McRea et al. vs. McLean,* 3 *Porter* 153; 10 *Peters* 405; 3 *Munf.* 417; *Pond vs. Griffith,* 1 *Ala.* 683. It is analogous to lien of execution, in which case, levy before death of defendant; sale valid. *Etter vs. State Bank,* 15 *Ark.* 272; or like case of bankruptcy, 10 *Metcf.* 320; 1 *McLean* 95; 1 *Day* 136, 117. An attachment is a proceeding in *rem. Goodwin vs. Anderson et al.,* 17 *Ark.* 36.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Henry Frellson brought an action of assumpsit, by attachment, in the Phillips Circuit Court, against Edmond W. Jones.

Upon an affidavit, stating the amount of the plaintiff's demand, and that the defendant was about to remove from the State, an attachment was issued against his lands and tenements, goods, chattels, etc., with a clause of summons. The sheriff returned upon the writ that he had attached several several tracts of land, etc., and served the process upon defendant personally. The defendant appeared and filed several pleas in bar, to which the plaintiff took issue. Afterwards, the defendant's death was suggested, and upon the motion of the plaintiff, Barton W. Green was appointed by the court, special administrator of the deceased, under the statute, (*Acts of* 1850, *p*. 102); he accepted the appointment, and the cause was continued. At a subsequent term, Green, as such special administrator, moved to " quash so much of the original writ as operated as an attachment against the goods and chattels of the intestate, because he had died since the levy, and if said attachment continued, it would interfere with the usual and ordinary course of administration of the estate of the deceased," etc. The Court sustained the motion, rendering judgment thereon as follows: " It is therefore considered by the Court, that said original writ, as to the attachment part of the same, is hereby quashed, set aside and forever held for nought."

To which decision of the court the plaintiff excepted.

The issues made up in the cause were then submitted to the Court, sitting as a jury, and finding and judgment in favor of the plaintiff for the amount of the demand sued for.

The plaintiff brought error, and seeks to reverse the judgment of the Court below, quashing the attachment feature of the writ.

The effect of the judgment complained of was to dissolve the attachment, release the property attached, and to permit the plaintiff to proceed to final judgment against the special administrator of the deceased, as in ordinary personal actions.

The plaintiff was, by the judgment of the Court, cut off from any benefit of the specific lien acquired by him upon the lands and goods attached before the death of the original defendant.

The levy of an attachment upon lands or goods constitutes a specific inchoate lien thereon, and the property, if not replevied, remains in the custody of the law until the suit is determined. If the plaintiff obtain judgment, the lien is thereby perfected, and relating back to the time of the levy, cuts off intervening incumbrances, etc. *Merrick et al. vs. Hutt,* 15 *Ark.* 343; *Lamb vs. Belden,* 16 *Ib.* 541.

On the death of the defendant in this case, the plaintiff had the right, under our statutes, to revive against his representative, and proceed to judgment, by which the inchoate specific lien acquired by him upon the property attached in the lifetime of the defendant would have been perfected. *Digest chap.* 1, *sec.* 8, *p.* 98; *Lamb vs. Belden,* 16 *Ark.* 541; *Green vs. Shaver,* 3 *Hum.* 139, 142; *Perkins vs. Norrill,* 6 *Hum.* 151, 154; *Davis vs. Oswalt Ex.,* 18 *Ark.* 441; *James vs. Marcus, Ib.* 421.

The Court erred in quashing the attachment feature of the writ, and its judgment upon the motion filed by the defendant for that purpose, must be reversed.

How a judgment, obtained after the death of the defendant in an attachment suit, where both lands and goods are attached, is to be executed—in other words, how the specific lien is to be enforced—we are not called upon to decide. Here the plaintiff obtained an ordinary judgment against the special administrator, and how he is to get the benefits of the attachment lien, which the Court erroneously quashed, after the cause is remanded, is also a question not before us. We have decided the only point brought up for review by the writ of error.