### Charles O. Carpenter, Appellant, v. Commonwealth Trust Company, Administrator, et al., Appellees. John F. Devine, Administrator, Interpleader.

### Gen. No. 15,614.

1. ATTACHMENT—*when does not lie against the estate of deceased non-resident.* The only proper and feasible way for a creditor in Illinois to reach property of his debtor in Illinois after the death of such debtor, is to take out administration in Illinois.

2. ATTACHMENT—*section 3 of act construed.* Neither section 3 of the Attachment Act, nor any other section of such act, subjects the heirs, executors and administrators of deceased debtors to the provisions of the Act.

Attachment. Appeal from the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 4, 1911.

A. D. GASH, for appellant.

T. M. POYNTON, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

One DeWitt C. Bovee, a resident of Pittsburgh in the Commonwealth of Pennsylvania, died on September 17, 1908, in Chicago, Illinois. He was the owner of forty shares of stock of the par value of $100 each of the Standard Orchard Company, an Illinois corporation. This stock stood in his name on the books of the corporation. November 1, 1908, the Commonwealth Trust Company, a Pennsylvania corporation, located at Pittsburgh, was appointed and qualified by the proper Pennsylvania Court as the administrator of the estate of said DeWitt C. Bovee. Emily Jones, M. W. Bovee, H. S. Bovee and H. W. Bovee are the only heirs at law of DeWitt C. Bovee. They are all non-residents of the State of Illinois.

Charles O. Carpenter, who appears (by the appeal

bond filed here) to be a resident of Illinois, claiming that on promissory notes and otherwise Bovee had become indebted during his lifetime, and that he, Carpenter, had become the assignee and owner of said indebtedness, began a suit in the Municipal Court of Chicago November 14, 1908, naming as defendants "The Commonwealth Trust Company, administrator of the estate of DeWitt C. Bovee, deceased, and Emily Jones, M. W. Bovee, H. S. Bovee and H. W. Bovee, only heirs at law of DeWitt C. Bovee, deceased, and 'Estate of DeWitt C. Bovee, deceased.'" What, if any, entity was designated by the "Estate of DeWitt C. Bovee" we are not informed by the agreed statement of facts on which this cause was tried below and on which it comes to this court.

As all the defendants were non-resident the suit was begun by attachment.

The record is by *praecipe* and the affidavit for attachment does not appear, but by the attachment writ it appears that it must have contained the allegation that the Commonwealth Trust Company, administrator of the estate of DeWitt C. Bovee, deceased, and Emily Jones, M. W. Bovee, H. S. Bovee and H. W. Bovee were indebted to Carpenter in the amount of twenty-three hundred and fourteen dollars.

November 17, 1908, the plaintiff filed a declaration in which, setting up in various counts the alleged indebtedness of DeWitt C. Bovee and his ownership of them by assignment, he further alleged that DeWitt C. Bovee was deceased and that the defendants named in the declaration were "his legal representatives, his heirs at law and his estate respectively," and that by means of the facts alleged "and by force of the statute in such case made and provided, the defendants became liable to pay said plaintiff" the respective sums claimed and "in consideration thereof undertook and promised to pay" them, etc.

In the meantime, on the same day the suit was be-

gun, November 14, 1908, an attachment writ against the defendants named was issued and served by leaving a certified copy of it with the proper officer of the Standard Orchard Company in Chicago, for the purpose of attaching the stock held by Bovee in his lifetime in that corporation.

January 4, 1909, John F. Devine, a resident of Illinois, was appointed administrator of the estate of DeWitt C. Bovee in Illinois, and on the same day the attorney who represents him in this writ of error filed the following document in the attachment suit: "I hereby enter the appearance of John F. Devine, Ancillary Administrator of DeWitt C. Bovee, deceased, and the appearance of all the defendants and myself as their attorney in the above entitled cause."

January 9, 1909, the said John F. Devine, styling himself "Ancillary Administrator of the Estate of DeWitt C. Bovee," filed a sworn interplea, in which he claimed that the forty shares of the Standard Orchard Company "attached and seized by virtue of the said writ of attachment were at the time the same were so attached and seized and still are the property of the estate of said DeWitt C. Bovee, deceased, of which this interpleader is the administrator, and not of the said defendants named in said attachment suit."

On the same day, according to the agreed statement of facts heretofore referred to, the Commonwealth Trust Co., administrator, Emily Jones, M. W. Bovee, H. S. Bovee and H. W. Bovee filed their pleas to the plaintiff's action, but as we have not the pleas in question in the record, we do not know what they pleaded.

On February 16, 1909, however, the Municipal Court entered an order, reciting that "the cause had come on in due course for trial without a jury," and that the court had found the issues joined in favor of the interpleader, John F. Devine, Auxiliary Administrator of the Estate of DeWitt C. Bovee, as to his claim upon the property attached by virtue of the attachment writ

issued in said cause, and found that said property was legally and lawfully the property of said John F. Devine, etc., wherefore it was considered that John F. Devine, Auxiliary Administrator, etc., have and recover his costs from the plaintiff, etc. From this order the present appeal was taken to this court by Carpenter.

By a bill of exceptions allowed by the court and filed in the cause below, it is recited that "the cause came on to be heard upon the interplea of John F. Devine, Ancillary Administrator, and the replication to said interplea," (which replication is not in the record).

Whatever may be thought of the technical accuracy of the proceedings or of the record before us in this cause, we cannot see any reason to interfere with the judgment of the court below, which has found and left the title to the stock in question where it should be. It is in the administrator of DeWitt C. Bovee, properly appointed in this state, free from any lien or claim except that trust which his duties as administrator impose on him.

The stock in the Illinois corporation, resident here, had its situs for the purposes of administration in this state. Even a simple contract debt constitutes assets for the purpose of administration where the debtor resides. Walker v. Walker, 55 Ill. App. 118, p. 122; Cooper v. Beers, 143 Ill. 25; Wyman v. Halstead, 109 U. S. 654. See also In re Fitch, 160 N. Y. 87; Arnold v. Arnold, 62 Georgia 627, p. 637; Cook on Stock & Stockholders, section 485.

The only proper and feasible way for a creditor, in Illinois at least, to reach it after Bovee's death and while it still stood in his name on the books of the corporation and had not been interfered with by or transferred to the foreign administrator, was to take out administration here. Somebody else apparently did that, while he sued a heterogeneous list of non-resident defendants, of which one ("the Estate," etc.) was in

any legal sense an abstraction. Neither the foreign administrator nor the heirs were the proper subjects of such a suit as was brought on the claims in question.

Section 3 of our Attachment Act, Chapter 11 of the Revised Statutes, counsel for appellant claims was passed for the purpose of allowing a proceeding like the one brought by appellant. We do not so read or construe it. It subjects the heirs, executors and administrators of deceased *defendants,* not deceased *debtors,* to the provisions of the Act, and prevents the abatement of an attachment suit by the death of a sole defendant, which before its passage was the effect of such a death. This is the construction given to it by the Supreme Court. Davis v. Shepleigh, 19 Ill. 386; Dow v. Blake, 148 Ill. 76.

There was no "deceased defendant" in this proceeding when it was begun. Bovee was merely a deceased *debtor.* Sections 42 and 43 of the Administration Act taken together show clearly enough that the proper remedy for an Illinois creditor was the one we have before indicated. Appellant argues that by section 29 of the Attachment Act an interplea claiming the property attached can only be made by a person other than the defendant. Devine, the Illinois administrator, was such a person. He was not a defendant nor in privity with any defendant, unless it was the purely imaginary and fictitious one, "the Estate of DeWitt C. Bovee."

The judgment of the Municipal Court is affirmed.

*Affirmed.*