THERESA LORTHIOIR, as Administratrix of the Estate of Emile Lorthioir, deceased, *Plaintiff in Error*, vs. C. J. McLEOD, *Defendant in Error*.

135 So. 143.

Division A.

Opinion filed June 10, 1931.

*Baker & White,* for Plaintiff in Error;

*Bussey, Johnston & Lilienthal,* for Defendant in Error.

BUFORD, C.J.—In this case the defendant in error instituted a suit by attachment against one Emile Lorthioir. Attachment was levied on certain property in Palm Beach County and statutory notice was issued by the Clerk and published. The defendant appeared by his attorneys and moved to quash the service upon the following grounds:

"1. That the notice of attachment in this cause was not published for four consecutive weeks prior to the return day thereof.

2. That more than seven days intervened between the last date of the publication of the notice of attachment in this cause and the return day thereof.

3. That the notice of attachment in this cause was not published as required by law."

The motion to quash was without merit. The order of publication was made on the 24th day of July, 1929, and defendant was required to appear to said action on Monday, September 2nd, 1929. Proof of publication shows that the notice was published July 25, August 1, 8, 15 and 22, 1929.

The motion to quash was denied. The defendant died on November 23, 1929, and his wife, Theresa Lorthioir, was appointed Administratrix of his estate. The Administratrix, upon suggestion being made to the Court, was substituted as defendant. Theresa Lorthioir as Administratrix filed motion to dissolve the attachment upon two grounds, as follows:

"1. For the reason that the Notice of Attachment was not published as required by law.

2. For the reason that the original defendant, Emile Lorthioir, is now dead, having died subsequent to the levy of said Writ of Attachment."

The first ground of the motion was without merit, as is heretofore said.

The second ground of the motion presents the only ques-

tion necessary for this Court to determine. The motion was denied, and, the defendant failing to plead further, default was entered and thereafter final judgment. The question for disposition here is whether or not the attachment of real estate became dissolved and the suit abated on the death of the defendant before judgment. Section 2573 R. G. S., 4213 C. G. L., being Section 44 of Chapter 1096, Acts of 1861, provides for the executor or administrator to be substituted as defendant in case of the death of a sole defendant or sole surviving defendant where the action survives. This section was complied with in the instant case. The attachment here issued was levied on real estate. The action was for debt. Sections 3755 and 3756 R. G. S., 5628 and 5629 C. G. L., provide as follows:

"Real estate of a decedent shall be equally liable with personal property to levy and sale under an execution upon any judgment against the administrator or executor, or against the decedent; but the executor or administrator may in every case designate the property which shall first be taken in execution, and determine whether it shall be real or personal. The officer levying shall, however, judge of the sufficiency, and shall take sufficient property, if it be found, to satisfy the execution.

"Real estate shall be liable for the debts of a decedent but shall descend to the heir or devisee and remain in his possession until the executor or administrator shall take possession of the same under the order of the court, or until the same shall be sold under execution by any creditor of the decedent."

In the case of Loubat vs. Kipp, et al., 9 Fla. 60, in an opinion written by Mr. Chief Justice DuPont, it was said:

"Where an attachment was levied upon the real estate of an absent debtor, and he dies pending the suit and before final judgment; Held, that in a contest between a mortgagee (seeking to foreclose a mortgage on the same property which was executed after the date of the levy) and the purchaser, under the judgment obtained in the same suit against the administrator, the lien of the attachment survives, and the purchaser will be protected in his title."

It will be observed, however, that the opinion in this case was rendered prior to the enactment of Chapter 1096, supra.

Our State has no statute specifically providing for the survival or dissolution of an attachment by death of the defendant and in a majority of the jurisdictions where this condition exists it is held that the death of the principal defendant at any stage of proceedings after the levy does not affect the attachment. Waterman vs. Pecka, 8 Ariz. 8, 68 Pac. 534; Frellson vs. Greene, 19 Ark. 376; Thompson vs. White, 25 Colo. 226, 54 Pac. 718; Catlin vs. Vandergrift, 58 Colo. 289, p. 44 Pac. 894; Craig vs. Wagoner, 88 Conn. 100, 89 Atl. 916; Davis vs. Shapleigh, 19 Ill. 386; Sharpe vs. Morgan, 144 Ill. 382, 33 N. E. 22. This rule also obtains in Iowa, Kentucky, Michigan, New York, Oregon, Tennessee, Texas, Washington and West Virginia.

Whether or not the administratrix of the estate of the decedent was the only necessary party defendant to be substituted for decedent is a question not presented for our determination at this time, as there was no plea of non joinder of parties. If there should be other necessary parties, such as heirs of the decedent, the right of such parties will not be affected by the judgment herein.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.