RAWLS, Judge.
Plaintiff Plymouth Cordage Company has appealed from an order dissolving its writ of garnishment issued to garnishee Monarch Life Insurance Company.
Plymouth Cordage Company obtained a judgment in the sum of $4,517. against Lane R. Ward, a California resident, for fertilizer sold Ward and used upon a crop of strawberries he grew on rented land in Palm Beach County in 1963. When it appeared that Ward had no property upon which levy could be made, the plaintiff attempted to garnishee the cash surrender value of two life insurance policies covering Ward’s life issued by Monarch Life Insurance Company. Ward moved to dissolve garnishment on the grounds that the cash surrender value of the policies was not within the jurisdiction of the court, was not wholly owned by him, and was not subject to garnishment. Both Ward and his wife filed affidavits stating that they were married and living in California when the policies were applied for and issued, that both were owners of the policies, and that neither had exercised the option to surrender the policies for the cash surrender value.
The subject policies contained a provision which would allow the insured to exercise one of three options: cash value, paid up insurance, or extended term insurance. The exercise of the cash value option was contingent upon the insured making a written request and surrendering the policy to the company.
The only question is whether the appellant was entitled to a judgment in garnishment for the net cash surrender .value of life insurance policies issued on the life of a nonresident judgment debtor prior to the time that the judgment debtor (in *601 sured) exercises his option to surrender the policy for its cash surrender value.
Appellant argues that Section 222.15, Florida Statutes, F.S.A., exempts from garnishment the cash surrender value of life insurance policies issued to Florida residents only, and since Ward is a resident of California, the statute is not available to him and the trial judge erred in dissolving the writ. Appellant contends that Slatcoff v. Dezen[1] implies that garnishment would lie in the absence of a situation in which Section 222.14 was applicable. In Slatcoff the pleadings indicated that the option to surrender the policies and receive the cash surrender value had not been exercised. Whether the proof conformed to the pleadings is not shown in the two opinions rendered in that case. Furthermore the question confronting us here, if raised in Slatcoff, was never reached because the order dissolving the writ of garnishment was affirmed upon a decision that the statute does exempt the cash surrender value of a life insurance policy purchased by an insured at a time when he was a nonresident but who became a Florida resident prior to the time garnishment was attempted.
We affirm the trial judge’s order which followed the apparent universal decisions in other jurisdictions to the effect that even though a life insurance policy has a cash surrender value which is available to the insured at his option, a creditor of the insured cannot obtain same by garnishment proceedings until the option has been exercised because there is no such present fixed liability or existing indebtedness as is requisite to the maintenance of garnishment.
Long before the enactment of Section 222.14 this principal was adopted by the Florida Supreme Court in West Florida Grocery Co. v. Teutonia Fire Insurance Company,[2] wherein it stated:
“Before a writ of garnishment can be effective there must be an ‘indebtedness due’ at the time of the service of the writ, or at the time he makes his answer, or at any time between such periods, or which may become due absolutely by the lapse of time only. This excludes an indebtedness that may never become due according to circumstances yet to occur * * *. If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an ‘indebtedness due’ as contemplated by the statute to which a writ of garnishment can apply.
“We are strengthened in our conclusion by the provision of the statute which compels the garnishee to answer upon oath the amount of his indebtedness to the principal debtor. * * * [I] f there are certain things unperformed upon the performance of which liability depends, the garnishee cannot comply with the requirements of the statute.
“We think it is quite certain from the language of our statute that until the conditions of the insurance policy have been complied with by the insured, or compliance therewith expressly or impliedly waived by the insurer, and until it has exercised its option * * * the writ of garnishment will not be effective.”
The garnishment statute[3] has been amended during the intervening years, but these changes are not such as would affect the above principle.
Affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Slatcoff v. Dezen, 72 So.2d 800 and 76 So.2d 792 (Fla.1954).

. West Florida Grocery Co. v. Teutonia Fire Insurance Company, 74 Fla. 220, 77 So. 209, 211, L.R.A.1918B, 968 (1918).

.Chapter 77, Florida Statutes F.S.A.