463 So.2d 223 (1985)
SOUTHEAST BANK, N.A., Formerly Known As Southeast Bank Trust Company, Petitioner,
v.
Betty J. GILBERT, Respondent.
No. 65205.
Supreme Court of Florida.
January 31, 1985.
*224 George R. McLain of Harnden, McLain & Dart, Chartered, and Eugene O. George of Burket, Smith, Bowman & George, Sarasota, for petitioner.
Arthur D. Ginsburg of Ginsburg, Byrd, Jones & Dahlgaard, Sarasota, for respondent.
William L. Hyde of Akerman, Senterfitt & Eidson, Tallahassee, amicus curiae for Florida Bankers Association.
A. Matthew Miller of Miller & Schwartz, P.A., Hollywood, and Melvyn B. Frumkes of Frumkes & Greene, P.A., Miami, amicus curiae for American Academy of Matrimonial Lawyers, Florida Chapter.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Second District, in Gilbert v. Gilbert, 447 So.2d 299 (Fla. 2d DCA 1984), which expressly and directly conflicts with White v. Bacardi, 446 So.2d 150 (Fla. 3d DCA 1984).
The Second District affirmed the trial court and held that spendthrift trusts may be garnished for the collection of both alimony arrearages and attorney's fees awarded incident to the divorce. It also held that a continuing writ of garnishment could be issued to secure the payment of future alimony.
We have resolved these issues in Bacardi v. White, 463 So.2d 218 (Fla. 1985), wherein we held that disbursements from spendthrift trusts, in certain limited circumstances, may be garnished to enforce court orders on judgments for alimony and incident attorney's fees before such disbursements reach the debtor-beneficiary and that a continuing writ of garnishment may be appropriate in some circumstances.
Accordingly, we approve the result reached by the Second District and remand this case for further proceedings consistent with our decision in Bacardi.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.