**HIGHLANDS STATE BANK, Appellant,**

v.

**Richard J. GONZALES, Trustee, et al.,
Appellees.**

No. 3774.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Gerald H. Fortney, Baytown, for appellant.

John K. Meyer, Houston, for appellees.

## McDONALD, Chief Justice.

This is a garnishment suit brought by the plaintiff Bank against the defendants who are trustees of the Thrift Fund of the Humble Annuity and Thrift Plan of the Humble Oil and Refining Company. Plaintiff Bank alleged it had theretofore procured a judgment against M. C. Dippel, an employee of Humble, for $7123 and that it believed that defendant Trustees of the Humble Thrift Plan had funds in their possession belonging to Dippel. Defendant Trustees answered that they had $815.12 belonging to Dippel.

Trial was before the court without a jury which, after hearing, entered judgment for plaintiff Bank for $815.12. Plaintiff Bank appeals, contending that the defendant Trustees had an amount in excess of $7035 which they held in trust for Dippel and which was subject to the plaintiff's writ of garnishment.

The record before us reflects that Dippel had been for a number of years an employee of the Humble Oil Company; that such company had established an Annuity and Thrift Plan whereunder an employee could contribute up to 10% of his earnings, and the Humble Company would contribute a proportional amount up to 3%. In addition, the Humble Company at each year's end made an "additional contribution", the amount of which is at the Company's discretion, and which is credited to the participating employees in ratio to the amount of their yearly contribution to the fund. In the case at bar, Humble Company had contributed approximately 53% of the total amount credited to Dippel; and Dippel had contributed approximately 47% of such amount.

The plan is administered by the defendant Trustees. The Trust Fund itself has no time limitation, but is terminated as to individual participants when they die, or when they cease to be employed by Humble Oil Company. There is no other way that an employee can ever become entitled to his entire credit balance.

The plan further provides that an employee member might make certain withdrawals from the fund in accordance with a prescribed formula. The record herein reflects that Dippel had previously withdrawn all that he was entitled to withdraw except $815.12. As noted, the Trial Court rendered judgment for plaintiff Bank for this amount.

It is true that the record reflects that there was a credit balance to Dippel in the amount of $7035 (in addition to the $815). But the record further reflects that the only

way Dippel could withdraw or receive this amount was to die or terminate his employment with the Humble Oil Company.

It is our view that Dippel's credit balance in the Trust Fund is in the nature of a spendthrift trust, and as such is not subject to garnishment by the plaintiff. 42 Tex.Jur. 704; Caples v. Buell, Tex.Com. App., 243 S.W. 1066.

It is our further view that since Dippel was not entitled to the $7035 held for his credit balance by the Trustees, at the time of the garnishment proceedings (and could not be entitled to same until death or termination of employment with Humble Company), that the plaintiff Bank likewise would not be entitled in a garnishment proceeding to such funds. Hines v. Sands, Tex.Civ.App., 312 S.W.2d 275, no writ hist.

The judgment of the Trial Court is accordingly affirmed.