**Patricia Murray FEWELL and George H. Fewell, Appellants,**

v.

**REPUBLIC NATIONAL BANK OF DALLAS et al., Appellees.**

**No. 4707.**

Court of Civil Appeals of Texas, Eastland.

Aug. 16, 1974.

Rehearing Denied Sept. 13, 1974.

Claude R. Wilson, Jr. (Golden, Potts, Boeckman & Wilson), Dallas, for appellants.

J. Harris Morgan (Morgan, Smith & Crouch), Greenville, John A. Mackintosh Jr. (Thompson, Knight, Simmons & Bullion), Dallas, Charles D. Mayes (Carter, Jones, Magee, Rudberg, Moss & Mayes), William W. Sweet, Jr., (Bowyer, Thomas & Sweet), Dallas, Paul D. Hoover (Locke, Purnell, Boren, Laney & Neely), Dallas, for appellees.

McCLOUD, Chief Justice.

The issue to be decided is whether the settlor-beneficiary of an irrevocable trust, containing a spendthrift provision, can terminate the trust when the other beneficiaries do not consent to the termination.

Appellants, Patricia Murray Fewell, the settlor-beneficiary, and her husband, George H. Fewell, sought a judicial termination of the trust. Opposing such termination were appellees, Republic National Bank of Dallas, the trustee; William Murray Ross, Malcolm Carl Ross and Mary Helen Ross, minor children of appellant, Patricia Murray Fewell and her former husband, William C. Ross, III; Patricia Alice Fewell and Deboraha Georgeanne Fewell, minor children of appellants, Patricia Murray Fewell and George H. Fewell; Fulton Murray, Jr., and Beverly Murray

Wilson, the brother and sister of Patricia Murray Fewell.

The Ross children and Fewell children were each represented by a guardian ad litem. All parties sought summary judgment. The trial court granted appellees' motion and denied the motion of appellants, Patricia Murray Fewell and George H. Fewell, who have appealed. We affirm.

The record reflects that Patricia Murray Fewell and William C. Ross, III, were divorced on October 29, 1970. A written property settlement agreement was entered into and approved as a part of the divorce judgment. The parties had three children. Following her marriage to George H. Fewell, Patricia Murray Fewell, by a written declaration of trust dated January 28, 1971, established the Patricia Murray Fewell Trust. Some of the properties received by Mrs. Fewell as a result of the property settlement agreement were conveyed to the trust.

Shortly thereafter, Patricia Murray Fewell sued William C. Ross, III, seeking to set aside the property settlement agreement made a part of their divorce judgment. Mr. Ross cross-acted and also sought to set aside the property agreement. While the matter was pending Mrs. Fewell filed another suit against numerous defendants, including Mr. Ross, alleging mismanagement of her financial affairs. A guardian ad litem was appointed to represent the three Ross children in both suits. On October 14, 1971, each suit was settled and written settlement agreements signed by all parties were approved by the court. The settlement agreement relating to the suit to set aside the prior property settlement agreement between Mrs. Fewell and Mr. Ross stated that on January 28, 1971, Patricia Murray Fewell executed a written declaration of trust and transferred certain properties to the trustee, "for the use and benefit of herself and of her children." Such agreement further provided that the trust as amended was "ratified and confirmed" by Patricia Murray Fewell.

The trust as amended provides in Article I(a):

"*Distributions.* The trustee shall pay to Settlor for her uncontrolled use and benefit, all of the net income of the trust during her lifetime. Whenever the trustee determines that the income of the Settlor from all sources known to the trustee is not sufficient for her reasonable support, comfort, and health and for the reasonable support and education of Settlor's descendants, the trustee may in its discretion pay to, or use for the benefit of, Settlor or one or more of Settlor's descendants so much of the principal as the trustee determines to be required for those purposes."

Article II(b) provides that upon the death of the settlor the trustee shall distribute or hold the then remaining principal and undistributed income as the settlor may have appointed by will. If the settlor has not exercised her power to appoint by will, then upon her death any property remaining in the trust shall be apportioned into separate, equal trust, "one for each then living child of Settlor and one for the then living issue collectively, of each deceased child of Settlor."

Article II § 2.3 provides in part that if upon the death of the settlor she has no living descendants, then any undisposed portion of the trust estate shall be distributed to her brother and sister in equal parts.

Article III § 3.2 contains a spendthrift provision containing customary spendthrift language prohibiting both voluntary and involuntary transfer of a beneficiary's interest. The trust is expressly declared to be "irrevocable" in Article VI.

Appellants argue that spendthrift provisions in a settlor-beneficiary trust are void. Glass v. Carpenter, 330 S.W.2d 530 (Tex. Civ.App.—San Antonio 1959, writ ref'd n. r.e.). Also, since Mrs. Fewell has a general power of appointment over the principal and undistributed income, her interest in-

cludes the entire trust, both income and principal. Appellants contend that since the entire trust is subject to garnishment by Mrs. Fewell's creditors, the trust should be judicially terminated because the trust purpose has failed. Appellants rely upon Restatement, Second, Trusts, § 335, wherein it is said, "If the purposes for which a trust is created become impossible of accomplishment or illegal the trust will be terminated," and "the rule stated . . . is applicable whether or not one or more of the beneficiaries are under an incapacity or do not consent to the termination of the trust." Appellants argue that the whole purpose of the trust was to protect the interest of the settlor-beneficiary and since the spendthrift provisions are void, the trust should be terminated.

Appellees argue that a settlor-beneficiary cannot terminate an "irrevocable" trust unless all beneficiaries consent. They further contend that even if the spendthrift provisions are void as to the interest of Mrs. Fewell, the spendthrift provisions are severable and the entire trust should not fail where there are other beneficiaries. Appellees also argue that the trust cannot now be terminated because it became a contractual trust on October 14, 1971, when it was amended, confirmed and ratified by Mrs. Fewell.

It is clear that Mrs. Fewell is not the sole beneficiary. The trust provides that the trustee may exercise his discretion to invade principal under certain circumstances for the reasonable support and education of one or more of the settlor's descendants. Also, the settlor's children have a remainder interest even though the settlor can defeat such interest by exercising her general power of appointment. Vol. II, Scott on Trusts, § 121.1 (3rd ed. 1967). The trust further provides that if the settlor should die without leaving any living descendants, then the undistributed portion of the trust estate is to go to Mrs. Fewell's brother and sister.

It is said in Restatement, Second, Trusts, § 156, that where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest. Appellants argue that since the settlor reserved a general power to appoint the remainder by will, her creditors can reach the principal of the trust as well as the income. We do not decide what interest a creditor of the settlor-beneficiary can reach because the instant case does not involve a creditor who is attempting to reach the interest of the settlor-beneficiary.

We think the proper rule to be applied was announced in Liberty National Bank v. Hicks, 84 U.S.App.D.C. 198, 173 F.2d 631 (1948). There the settlor-beneficiary of a spendthrift trust, who was not the sole beneficiary, attempted to terminate the trust. The Court said:

"To justify this counsel have cited many cases holding that a spendthrift provision made by the settlor in favor of himself as beneficiary is against public policy and accordingly is void and ineffectual against creditors, and this, we believe, is the universal rule; but we are referred to no case holding either that the settlor, where there are no creditors, can invoke this principle for his own benefit or that such provisions make the entire trust void from its inception. The correct rule in the latter respect we think is stated in Scott on Trusts (Vol. 1, Sec. 65.1) in these words:

'Where there is a provision in the terms of the trust imposing a restraint on the transfer by a beneficiary of his interest and the provision is illegal, the provision fails, but the whole trust does not fail, since provisions like this can be separated from the other provisions without defeating the purpose of the settlor in creating the trust.'

Applying this rule to the facts of this case, we think that the spendthrift provi-

sions of this trust, even if subject to attack by creditors, are severable and do not destroy the whole agreement. And we think also that Hicks, under the facts we have recounted cannot be heard to challenge and destroy the trust. As to the first proposition it is enough to say that if the rule of severalty properly applied in cases in which creditors are involved, how much stronger are the reasons for its application where no creditors are concerned but only the settlor of the trust claiming the right to change his mind to the hurt of beneficiaries whose rights were established by a solemn instrument executed by him."

The rule is stated in Bogert, Trusts & Trustees, § 223, p. 668 as follows:

"The entire spendthrift clause, both as to voluntary and involuntary alienation, is void. The creditors can reach the settlor-beneficiary's interest. The settlor can transfer his interest. But the trust is not void and the settlor cannot attack it because of the attempted injury to creditors. If he is the sole beneficiary, he will be able to revoke it or ask for its termination, but if he is not the sole beneficiary, he may not revoke, in the absence of statutory permission."

Even if the spendthrift provisions in the trust under consideration are void as to the settlor-beneficiary, this does not mean that the trust is void or that the settlor-beneficiary can terminate the trust without the consent of the other beneficiaries. We think the spendthrift provisions as to the interest of the settlor-beneficiary are severable.

The case of Glass v. Carpenter, 330 S. W.2d 530 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.), relied upon by appellants is not controlling. The court there did not hold the trusts to be void in their entirety, nor did the court discuss the severability concept.

Since the settlor is not the sole beneficiary and the other beneficiaries do not consent to the termination, she may only terminate the trust if the purposes for which the trust was created have become impossible of accomplishment or illegal. Restatement, Second, Trusts, § 339, 340 and 335. While discussing the rule that a trust can be terminated when it becomes impossible or illegal to carry out the purposes of the trust, it is stated in Vol. III, Scott on Trusts, § 335:

"The trust will not be terminated merely because it becomes impossible or illegal to carry out one or more of the provisions of the trust instrument; it is only where the impossibility or illegality is such that there is no sufficient reason for continuing the trust that the court will decree its termination."

The summary judgment evidence admitted and considered by the trial court conclusively established that the trust had purposes other than the protection of the settlor-beneficiary's interest through the spendthrift provisions. The "whole purpose" of the trust would not become impossible of accomplishment merely because the spendthrift provisions as to the interest of the settlor-beneficiary were invalid. It is obvious from the elaborate trust instrument that a significant purpose of the trust was to provide for the support and education of Mrs. Fewell's children under certain conditions. That purpose is neither impossible of accomplishment nor illegal.

We hold that the summary judgment proof conclusively established that there is sufficient reason for continuing the trust.

The judgment of the trial court is affirmed.