**BANK OF DALLAS et al., Appellants,**

v.

**REPUBLIC NATIONAL BANK OF DALLAS et al., Appellees.**

**No. 5535.**

Court of Civil Appeals of Texas, Waco.

July 22, 1976.

Rehearings Denied Aug. 26, 1976.

Morgan & Crouch, Greenville, Golden, Potts, Boeckman & Wilson, Claude R. Wilson, Jr., H. David Herndon, Dallas, for appellants.

Thompson, Knight, Simmons & Bullion, John A. Mackintosh, Jr., Luke Ashley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Charles D. Mayes, William W. Sweet, Jr., Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

The issues to be decided are: 1) can the income, and/or 2) the corpus, of an irrevocable spendthrift trust, created by the settlor for the settlor and her children's benefit, be reached by garnishment for a debt of the settlor.

For background of this case see *Fewell v. Republic National Bank*, CCA (Eastland), NRE, Tex.Civ.App., 513 S.W.2d 596.

Bank of Dallas filed application for Writ of Garnishment against Republic National Bank of Dallas, Garnishee and Trustee of the Patricia Murray Fewell Trust, seeking to garnish effects of Patricia Murray Fewell and her husband George H. Fewell, to satisfy a $30,471.88 judgment, Bank of Dallas had obtained against the Fewells.

The Republic National Bank answered that it was Trustee of the Patricia Murray Fewell Trust[1], and that both the income

and principal of the trust were exempt from garnishment.

Trial was before the court which: 1) decreed Bank of Dallas recover $5,473.83 from Republic National Bank as Trustee of the Patricia Murray Fewell Trust (finding such sum to be the total income of the Trust on hand at time of filing the writ of garnishment plus income received prior to filing of answer by Republic Bank); 2) denied garnishment of the corpus of the trust.

Thus the trial court 1) decreed the income of the Trust could be reached by garnishment for a debt owed by Patricia Murray Fewell, but 2) decreed that the corpus of the Trust could not be reached by garnishment for a debt owed by Patricia Murray Fewell.

Bank of Dallas, Patricia Murray Fewell and George H. Fewell appeal from that portion of the judgment decreeing the corpus of the trust could not be reached by garnishment; and Republic National Bank, William Murray Ross, Malcolm Carl Ross, and Mary Helen Ross appeal from that portion of the judgment decreeing the income of the trust could be reached by garnishment for the debt of Patricia Murray Fewell. By stipulation of the parties, Bank of Dallas, Patricia Murray Fewell and George H. Fewell will be referred to as appellants, and Republic Bank and the other parties will be referred to as appellees.

Patricia Murray Fewell as Settlor, on January 28, 1971, transferred certain properties to the trustee for the "use and benefit of herself and of her children", and thereafter amended such Trust.

The Trust as amended provides in Article 1(a):

"*Distributions.* The trustee shall pay to the Settlor for her uncontrolled use and benefit, all of the net income of the trust during her lifetime. Whenever the trustee determines that the income of the Settlor from all sources known to the

1. William Murray Ross, Malcolm Carl Ross and Mary Helen Ross, minor children of Patricia Murray Fewell and her former husband William C. Ross, III; Patricia Alice Fewell and Deborah Fewell, minor children of Patricia

Murray Fewell and George H. Fewell; and Fulton Murray, Jr., Beverly Murray Wilson, the brother and sister of Patricia Murray Fewell were all defendants with Republic Bank.

trustee is not sufficient for her reasonable support, comfort, and health and for the reasonable support and education of Settlor's descendants, the trustee may in its discretion pay to, or use for the benefit of, Settlor or one or more of Settlor's descendants so much of the principal as the trustee determines to be required for those purposes."

Article 11(b) provides that upon the death of the settlor the trustee shall distribute or hold the then remaining principal and undistributed income as the settlor may have appointed by will. If the settlor has not exercised her power to appoint by will, then upon her death any property remaining in the trust shall be apportioned into separate, equal trust, "one for each then living child of Settlor and one for the then living issue collectively, of each deceased child of Settlor".

Article II Sec. 2.3 provides in part that if upon death of the Settlor she has no living descendants, any undisposed portion of the trust shall be distributed to her brother and sister.

Article III Sec. 3.2 contains a spendthrift provision containing customary spendthrift language and * * * "nor shall such income or corpus or any portion of same be subject to execution, garnishment * * * or other legal proceeding of any character * * * to the payment of such beneficiary's debts * * * ".

*Appellants contend:*

The trial court erred in holding that no part of the corpus, transferred by Patricia Murray Fewell as Settlor to the Patricia Murray Trust, under which she receives all of the income from all corpus for her lifetime, and under which she holds a general power of appointment exercisable at her death by will, is garnishable.

*Appellees contend:*

1) The trial court correctly held that the corpus of the trust was not subject to garnishment; and by crosspoint contend:

2) The trial court erred in holding that the income was subject to garnishment.

■ The courts of Texas recognize the validity of spendthrift trusts created by a Settlor for others, and no part of the spendthrift trust estate can be taken on execution or garnishment by creditors of the beneficiary. *Caples v. Buell*, Com.Appls., 243 S.W. 1066; *Hines v. Sands*, CCA (NWH), Tex.Civ.App., 312 S.W.2d 275; *Highlands State Bank v. Gonzales*, CCA (Waco), NWH, Tex.Civ.App., 340 S.W.2d 828.

■ But the rule is otherwise in cases where the settlor creates a spendthrift trust, and makes himself the beneficiary thereof. And where a settlor creates a trust for his own benefit, and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interest under the trust by garnishment. *Glass v. Carpenter*, CCA (San Antonio), NRE, Tex.Civ.App., 330 S.W.2d 530; *McFaddin v. Commissioners Internal Revenue*, Fifth Circuit, 148 F.2d 570, 76 Am.Jur.2d 404; Bogert Trusts & Trustees 2d Edition, Section 223 p. 665.

Restatement of Trusts 2d, Section 156 states the rule thusly:

2) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.

2) Where a person creates a trust for his own benefit, a trust for support, or a discretionary trust, his transferee or creditors, can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.

■ Thus the interest of Patricia Murray Fewell in the trust is not protected by the spendthrift provisions from claims of her creditors. Since the trust provides: "The trustee shall pay to Settlor for her uncontrolled use and benefit, all of the net income of the trust during her lifetime," Mrs. Fewell's interest includes all such net income, and the trial court correctly held the

net income of the trust subject to garnishment by her creditors.

As to the corpus the issue is more complex, as Mrs. Fewell is not the sole beneficiary. The trust provides that the trustee may exercise its discretion to invade principal under certain circumstances *"for the benefit of Settlor"* or *"one or more of Settlor's descendants"*.

Also the settlor's children have a remainder, though the settlor can defeat such interest by exercising her general powers of appointment under Article II(b).

Section 156c Restatement, Trusts & Trustees 2d, p. 326 states: "Reservation of general power to appoint principal. If the settlor reserves for his own benefit not only a life interest, but also a general power to appoint the remainder by deed or will, his creditors can reach the principal of the trust as well as the income;" and section 156d, at page 327 states: "Trust for settlor's support. Where the settlor creates a trust for his own support, * * * it can be reached by his creditors. They can compel the trustee to pay to them the maximum amount which he could pay to the settlor-beneficiary or apply for his benefit."

And Section 156e states: "Discretionary trust for the settlor. Where by the terms of the trust a trustee is to pay the settlor or apply for his benefit as much of the income or principal as the trustee may in his discretion determine, * * * creditors can reach the maximum amount which the trustee could pay to him or apply for his benefit."

Applying the foregoing rules of law to the facts, we hold the interest of Mrs. Fewell in the trust is such that the corpus may be reached by her creditors.

Appellants' contention is sustained, and appellees' contentions are overruled.

The judgment is affirmed in part; and reversed and remanded in part, with instruction to the trial court to render judgment against the trustee for the amount due on appellants' judgment.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.