**JAMES TALCOTT, INC., d/b/a James Talcott Factors, Appellant,**

v.

**VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 1698.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1980.

William L. Morrow, Carinhas, Dale & Morrow, Brownsville, for appellant.

William E. Corcoran, Cardenas & Whitis, McAllen, for appellee.

OPINION

BISSETT, Justice.

The controlling question to be decided in this appeal is whether monies owned by a judgment-debtor in a tax and insurance escrow account and held by a mortgagee in accordance with the requirements of a deed of trust duly executed by the judgment-debtor in favor of the mortgagee are subject to garnishment by a judgment-creditor. Another determination to be made by us is whether the mortgagee (garnishee) is entitled to recover attorney's fees from the judgment-creditor (garnishor).

James Talcott, Inc., d/b/a James Talcott Factors, hereinafter called "Talcott," as garnishor, filed an application for the issuance of a writ of garnishment against Valley Federal Savings and Loan Association, hereinafter called "Valley Federal," as garnishee, to recover all sums held by it in a tax and insurance escrow account for Al-

bert Anzaldua, a judgment-debtor of Talcott. The case was submitted to the trial court on a stipulation of facts, which was signed by the attorneys for the parties. The trial court, sitting without a jury, denied the application for the issuance of a writ of garnishment, awarded attorney's fees to Valley Federal in the amount of $750.00, and assessed all court costs against Talcott. Talcott has appealed.

The parties, through their respective attorneys, stipulated in writing:

(1) "... The parties agree that the facts of the case are undisputed and that the case will be submitted to the Court for determination based upon this Stipulation of Facts without the necessity of an evidentiary hearing or the appearance of either party."

(2) Talcott is the holder of a judgment against Albert Anzaldua, of McAllen, Texas. The judgment, which was rendered on December 16, 1974, by a District Court of Hidalgo County, Texas, decreed that Talcott recover the sum of $24,628.48, plus court costs and interest. Payment thereon in the amount of $192.71 was made in 1978. The judgment is final, valid, subsisting and unsatisfied.

(3) Anzaldua owns certain real estate situated in McAllen, Texas, which he claims as his homestead. Valley Federal is the present mortgagee of the property pursuant to a certain deed of trust duly executed by Anzaldua and his wife.

(4) The provisions of the above mentioned deed of trust require Anzaldua to pay to Valley Federal each month during the term of the deed of trust, $\frac{1}{12}$ of the estimated annual ad valorem taxes on the said real estate, and $\frac{1}{12}$ of the estimated annual insurance premiums on the improvements located on the said real estate. Upon receipt of such monies, the same are held by Valley Federal in escrow until such time as the ad valorem taxes and the insurance premiums are due, when the same are paid by Valley Federal out of the escrow account.

(5) On August 7, 1979, when the stipulation of facts was filed, the amount in the escrow account totaled $928.44.

(6) "(7) ... The monies in said escrow account are at all times owned by Albert Anzaldua and held in trust by Valley Federal in his behalf until such time as the said payments for taxes and insurance premiums are made, although by reason of the terms of the Deed of Trust the said Albert Anzaldua has no control over such escrow funds ...."

Talcott, in his first point of error, contends that the trial court erred in holding that the funds in the escrow account were not subject to garnishment because the funds in such account were non-exempt and were owned by Anzaldua, the judgment-debtor. Valley Federal asserts that the trial court correctly held that the funds in the escrow account were not subject to garnishment because the judgment-debtor had "no control over the funds and because said funds relate to the homestead of the debtor and are therefore exempt."

Findings of fact and conclusions of law were duly made and filed by the trial court. The court, with respect to the disposition of this appeal, found:

(1) Valley Federal was not indebted to Albert Anzaldua on the date it was served with the Application for Writ of Garnishment, nor was it indebted to Albert Anzaldua on the date it filed its answer to the Application for the said writ, nor was it in possession of any effects belonging to Albert Anzaldua on either of said dates.

(2) Valley Federal is bound by the terms of the deed of trust to deposit the escrow funds in accordance with the terms of the deed of trust.

(3) The escrow funds in question and on deposit with Valley Federal relate to the homestead of Anzaldua, the judgment-debtor, are impressed with "the character of the homestead and, as such, are exempt from garnishment."

(4) The judgment-debtor has no control over the escrow funds.

■ The escrow funds in question do not relate to the homestead of the judgment-debtor. Therefore, they are not exempt from garnishment as falling under the umbrella of the homestead exemption, as asserted by Valley Federal. Consequently, the judgment of the trial court cannot be sustained under the theory that the escrow funds are exempt from garnishment because the same "are impressed with the character of the homestead."

■ However, there is another theory whereby the judgment of the trial court can be sustained. The rule is well established that the judgment of the trial court should be affirmed on any ground which finds support in the evidence even though the trial court assigned the wrong reason for granting it. *Messer v. County of Refugio*, 435 S.W.2d 220 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). We apply that rule to the instant case.

Talcott does not cite any case where it has been held that an "escrow account," sometimes called "trust fund account" or "reserve account for taxes and insurance," of a lender can be garnished by the borrower's judgment-creditor. Talcott relies primarily upon *Bank of Dallas v. Republic National Bank of Dallas*, 540 S.W.2d 499 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.) as authority for reversing the judgment of the trial court in this case. We find the *Bank of Dallas* case to be factually distinguishable from this case and therefore, not controlling of the disposition of this appeal. In the *Bank of Dallas* case a spendthrift trust was created by the settlor for his own benefit. He also retained general powers of appointment. The Court of Civil Appeals held that both the principal and income of the spendthrift trust were reachable by creditors since the trust was for the settlor's benefit and also since general powers of appointment were retained by the settlor. The case before us is not a spendthrift trust case.

■ In *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937) the Supreme Court announced certain rules of law relating generally to garnishment. In addition to stating that the remedy of garnishment is summary, harsh, and that such proceedings cannot be sustained unless they are in strict conformity with statutory requirements, the Court also announced the following rule:

"A plaintiff in garnishment is, by virtue of the statute, subrogated to the rights of his debtor against the garnishee. In other words, by strict compliance with our garnishment statutes, a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee, whatever rights the debtor could have enforced had such debtor been suing the garnishee directly."

The above quoted rule is applicable to the decision of this case. In the case at bar, Talcott cannot recover in his garnishment proceeding since he can in no way stand in the shoes of Anzaldua, the judgment-debtor, as Anzaldua could not have successfully recovered of and from Valley Federal the monies held by Valley Federal in the escrow account.

The only case which we have found that is squarely in point on the facts of this case is *Aetna Finance Company v. First Federal Savings and Loan Association*, Cause No. 13,197, decided by the Austin Court of Civil Appeals on October 29, 1980. The case has no writ history at this time. The question for decision was whether Aetna Finance Company, a judgment-creditor of a Mr. Williams, could garnish "the reserve fund for taxes and insurance" provided for in a deed of trust covering certain land, executed by Williams, the judgment-debtor, in favor of First Federal Savings and Loan Association, the garnishee. The Court held:

"... a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee whatever rights the debtor could have enforced had such debtor been suing the garnishee directly. Aetna can in no way stand in the shoes of

the judgment debtor (Williams), as Williams could not have successfully sued First Federal for the money in the reserve fund."

We hold that the escrow account in question is not subject to garnishment by Talcott, the judgment-creditor. Talcott's first point of error is overruled.

In the second point of error, Talcott contends that the court erred in holding that Valley Federal was entitled to recover attorney's fees in the amount of $750.00 because "this was contrary to the agreed stipulation of facts between the parties." We do not agree.

The stipulation of facts is silent with respect to attorney's fees. Valley Federal, in its answer, asked for an award of attorney's fees. The judgment recites:

"The court after hearing evidence of reasonable attorney's fees is further of the opinion that the defendant-garnishee VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, is entitled to recover a reasonable attorney fee of $750.00."

Both parties, in their briefs, state that an evidentiary hearing was held on December 14, 1979, concerning the matter of attorney's fees.

There is no statement of facts in this case. Only the issue of garnishment was decided pursuant to the stipulation of facts. Such stipulation does not constitute an "Agreed Case" under Rule 263, T.R.C.P., and does not constitute the entire record upon which the judgment, in its entirety was rendered.

Talcott did not bring forward a record of the evidence adduced at the hearing concerning the matter of attorney's fees. In the absence of such record, this Court must presume that the trial court found every fact issue necessary to sustain its judgment concerning the award of attorney's fees. *City of Corpus Christi v. Gilley*, 458 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *American National Insurance Company v. Briones*, 570 S.W.2d 574 (Tex.Civ.App.—Corpus

Christi 1978, no writ). Talcott's second point of error is overruled.

The judgment of the trial court is AFFIRMED.