PER CURIAM.
The issue raised on this appeal is whether under Texas law Elbert Wayne Goff and his wife, Gloria J. Goff, had legal title to real property held in a self-settled spendthrift trust. The bankruptcy and district courts held that the Goffs had only equitable title and that, as a result, the judgment lien of Citizens National Bank did not attach to the property. We affirm.
I.
The Goffs established a self-employed retirement trust (Keogh plan) that included real property located in Travis County, Texas. The Goffs were the sole beneficiaries of the trust. Section XIII of the trust agreement provides in relevant part as follows:
Neither the assets nor the benefits provided hereunder shall be subject to alienation, anticipation, assignment, garnishment, attachment, execution or levy of any kind, and any attempt to cause such benefits to be so subjected shall not be recognized, except to such extent as may be required by law.
City National Bank administered the trust pursuant to a pension plan qualified under the Employee Retirement Income Security Act of 1974 (ERISA), Pub.L. No. 93-406, 1974 U.S.Code Cong. & Ad.News 935, 88 Stat. 829. The parties agree that the trust was also ERISA-qualified.
On March 21, 1980 the Goffs filed for bankruptcy under Chapter 7. They sought to have the trust excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(1)(A), which provides that property subject to a restriction on alienation that is enforceable under nonbankruptcy law is excluded from the bankruptcy estate. A pri- or panel of this court held that the trust was not excludable from the estate because a spendthrift clause in a self-settled trust is unenforceable under Texas law. In re Goff, 706 F.2d 574, 587-88 (5th Cir.1983).
Citizens filed a secured proof of claim on the basis of a judgment by Citizens against the Goffs for $39,493.35. The judgment was recorded and indexed in Travis County, Texas. Citizens contended that the judgment created a statutory lien against the real property held in the trust. The trustee in bankruptcy objected to Citizens’ secured claim, arguing that the Goffs had only equitable title in the property and that a judgment lien does not attach to equitable title. The trustee maintained that Citizens should be allowed only an unsecured claim. The bankruptcy court sustained the trustee’s objection, and the district court affirmed. Citizens appeals.
II.
Under Texas law, a judgment that has been properly recorded and indexed operates as a lien on the real estate of the defendant located in the county in which the record and index are made. Tex.Stat. Ann. art. 5449 (Vernon 1958), repealed and *933 replaced, by Tex.Prop.Code Ann. § 52.001 (Vernon 1984). The judgment lien attaches only to real property in which the judgment debtor has legal title; it does not attach to property in which the debtor has only equitable title. Watson v. Scales, 244 S.W.2d 366, 368 (Tex.Civ.App.1951); Adams v. Impey, 131 S.W.2d 288, 290 (Tex.Civ.App.1939). If the Goffs held legal title to the real property in the trust Citizens’ lien attached and Citizens’ claim is a secured claim. If the Goffs held only equitable title Citizens’ lien did not attach and the claim is unsecured.
The parties agree that if the trust was valid the Goffs held only equitable title. See Gurley v. Lindsley, 459 F.2d 268, 276 (5th Cir.), modified on other grounds, 466 F.2d 498 (5th Cir.1972). Citizens argues, however, that the trust was void from its inception as a self-settled spendthrift trust. The trust included a spendthrift clause that restricted alienation. In re Goff, 706 F.2d 574, 577 (5th Cir.1983). As this court has stated, Texas law provides “that if a settlor creates a trust for his own benefit and inserts a ‘spendthrift’ clause, restraining alienation or assignment, it is void as far as creditors are concerned and they can reach the settlor’s interest in the trust.” Id. at 587; see also Tex.Prop.Code Ann. § 112.035(d) (Vernon 1984) (effective January 1, 1984). Citizens reads Texas law as invalidating an entire trust that contains a spendthrift clause.
Citizens misreads the Texas rule. The trust remains valid; only the spendthrift clause is void, allowing creditors to reach the property held in trust by garnishment. See Bank of Dallas v. Republic National Bank of Dallas, 540 S.W.2d 499, 501 (Tex.Civ.App.1976). As the court stated in Fewell v. Republic National Bank of Dallas, 513 S.W.2d 596, 598 (Tex.Civ.App.1974) (quoting Liberty Nat. Bank v. Hicks, 173 F.2d 631, 634 (D.C.Cir.1948)):
Where there is a provision in the terms of the trust imposing a restraint on the transfer by a beneficiary of his interest and the provision is illegal, the provision fails, but the whole trust does not fail, since provisions like this can be separated from the other provisions without defeating the purpose of the settlor in creating the trust.
See also G. Bogert & G. Bogert, The Law of Trusts and Trustees § 223, at 442-44 (rev. 2d ed. 1979). Because the trust was not void, the Goffs held only equitable title to the real property in the trust and Citizens’ lien did not attach.
Citizens also argues that the trust was a “passive” trust so that legal and equitable title merged in the Goffs. As a result, Citizens contends, its lien attached to the property in the trust. Citizens did not make this argument before either the bankruptcy court or the district court. In its brief to this court Citizens offers no explanation for its failure to raise the issue earlier.
We will consider an issue raised for the first time on appeal only if the issue is purely a legal issue and if consideration is necessary to avoid a miscarriage of justice. In re Johnson, 724 F.2d 1138, 1140 (5th Cir.1984). We will not allow a party to raise an issue for the first time on appeal merely because the party thinks that he or she might prevail if given the opportunity to try the case again on a different theory. Holiday Inns, Inc. v. Alberding, 683 F.2d 931, 934 (5th Cir.1982). The creditors’ committee “concedes” that Citizens can make its merger argument on appeal, citing Federal Rule of Appellate Procedure 28(a) and In re Texas Mortgage Services Corp., 761 F.2d 1068, 1073-74 (5th Cir.1985). Those authorities require a party to brief an issue before it will be considered on appeal; they do not hold that a party may brief issues not raised before the district court. The trustee does not concede to Citizens the right to raise the merger issue on appeal. Because no miscarriage of justice will result in this case, we decline to consider Citizens’ merger argument.
The bankruptcy court and the district court properly held that under Texas law Citizens’ lien did not attach to the property in the Goffs’ trust. Our disposition of the case on state law grounds makes it unnecessary to consider the alternative argument *934 of the trustee and the creditors’ committee that the Texas law is preempted by ERISA.
AFFIRMED.