Kandy DYER, Appellant,

v.

INVESTORS LIFE INSURANCE
COMPANY OF NORTH
AMERICA, Appellee.

No. 2–86–098–CV.

Court of Appeals of Texas,
Fort Worth.

April 30, 1987.

Ball, Landrith, Kulesz & Hubble by Mark Frels, Arlington, for appellant.

Thompson & Knight, Dallas, Jim Mattox, Atty. Gen. by Patrick J. Feeney, Asst. Atty. Gen., Austin, for appellee.

Before FENDER, C.J., and BURDOCK and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from the granting of a summary judgment in a garnishment proceeding brought by the former wife to collect $54,000.00 from an insurer who holds proceeds for the benefit of the former husband under an alternate retirement plan for teachers in higher education at state colleges and universities. The trial court granted summary judgment to the insurance company (and the State of Texas as Intervenor) and denied summary judgment as to the garnishor.

We affirm.

Danny Dee Dyer and Kandy Dyer were divorced on July 20, 1983. Danny Dee was and continues to be employed as a professor at the University of Texas at Arlington. He had chosen to participate in the Optional Retirement Program as provided in TEX. CIV.STAT.ANN. tit. 110B, ch. 36 (Vernon

Pamph.1987). They submitted an agreed property settlement to the trial court which the court embodied in the final decree of divorce.

The significant provision of that decree is as follows:

Petitioner, KANDY DYER, is awarded an ownership interest and the right to immediately receive funds or stock in $54,000.00 worth of assets held by First Investment Annuity Company of America (which is now known as Investors Life Insurance Company of North America) as a result of DANNY DEE DYER's employment at the University of Texas at Arlington, pursuant to the terms of said agreement between the annuitant, DANNY DEE DYER, and First Investment Annuity Company of America, said agreement bearing certificate no. 464–54–2736. Any custodian or plan administrator for First Investment Annuity Company of America may deal directly with KANDY DYER and should she so direct is authorized to sell enough shares of stock or reduce and convert up to $54,000.00 of cash from said plan and receive same in her immediate possession and under her control. The balance of any and all funds in said plan shall remain the property of DANNY DEE DYER.

Pursuant to the above, both Danny Dee and Kandy wrote to the administrators of the fund and sought compliance by way of the payment of $54,000.00 to Kandy. Their joint request was denied and Kandy filed an application for writ of garnishment in an effort to secure the funds. The University of Texas System intervened and both sides filed motions for summary judgment. The trial court granted summary judgment to the University System and the stakeholder and *sub silentio* denied Kandy's application. From such ruling she appeals.

■ Appellant relies upon *Morgan v. Horton*, 675 S.W.2d 602 (Tex.App.—Dallas 1984, no writ), and *Collida v. Collida*, 546 S.W.2d 708 (Tex.Civ.App.—Beaumont 1977, writ dism'd) as authority for her right to invade the corpus of his retirement and collect her $54,000.00. We accept the ratio-

nale of these and other cases holding that a divorce trial court, in dividing community property may assign an ownership interest in a retirement plan to the spouse of one covered by such a plan. However, in the instant cause we are not called upon to rule on the validity of the divorce trial court's action in giving Kandy a proportionate right of Danny Dee's retirement, nor in the method of partitioning same. That is another cause for another day. Our problem is to determine whether or not Kandy may treat the $54,000.00 award as a judgment debt and collect same by writ of garnishment from funds or assets held by the putative garnishee for Danny Dee's retirement.

■ TEX.CIV.STAT.ANN. tit. 110B, ch. 31, sec. 31.005 (Vernon Pamph.1987) makes all State sponsored retirement funds into "spendthrift trusts". Section 36.105 of title 110B provides that benefits under the Optional Retirement Program are available only if the participant: (1) dies; (2) retires; or (3) terminates employment in all institutions of higher education. This boils down to the fact that, prior to the divorce, Danny Dee (either individually or on behalf of the community) could not withdraw any funds from the retirement account. Following the divorce Danny Dee still could not withdraw any funds from the account, nor will he be able to do so until he meets one of the three requirements of the statute.

Kandy Dyer derives her $54,000.00 interest in the retirement account as her assigned share from a community estate developed by her and Danny Dee. We find no authority for the divorce trial court to create a greater right or interest as to Kandy than the community estate had when it was in existence or than Danny Dee had or has.

Our situation, as explicated above, falls under the situation in *Highlands State Bank v. Gonzales*, 340 S.W.2d 828 (Tex. Civ.App.—Waco 1960, no writ). One Dippel, an employee of Humble Oil, had participated in an Annuity and Thrift Plan wherein he made certain contributions and Humble made certain contributions to the Plan. Under the Plan Dippel could make

certain limited withdrawals but the remainder was held in a spendthrift trust, payable only on Dippel's death or cessation of employment. A judgment creditor undertook a writ of garnishment to collect $7,123.00 out of the moneys in the Plan. The Trustees responded that they had $815.12 which Dippel could withdraw and $7,035.00 in his name subject to the spendthrift provision. The trial court awarded $815.12 but denied further garnishment. The Waco court upheld this, saying:

> It is our further view that since Dippel was not entitled to the $7035 held for his credit balance by the Trustees, at the time of the garnishment proceedings (and could not be entitled to same until death or termination of employment with Humble Company), that the plaintiff Bank likewise would not be entitled in a garnishment proceeding to such funds. [Citation omitted.]

*Id.* at 830.

■ Appellant attempts to invoke the Employee Retirement Income Security Act of 1974 (ERISA) 26 U.S.C.A. sec. 414(p) (West Supp.1987) to have the divorce court judgment herein declared a "Qualified Domestic Relations Order" so as to avoid the wording of the state teachers retirement act. This is foreclosed by 29 U.S.C.A. sec. 1003 (West Supp.1987) which provides, *inter alia:*

> (b) The provisions of this subchapter shall not apply to any employee benefit plan if—
>
> (1) such plan is a governmental plan (as defined in section 1002(32) of this [ERISA] title).

We hold in accord with the Waco court and sustain the judgment of the trial court.