**J & J EQUIPMENT, INC., Appellant,**

**v.**

**Lawrence PILKINTON,**
**Trustee, Appellee.**

**No. 13–92–138–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 18, 1993.

Rehearing Overruled April 22, 1993.

Peggy S. Supak, Houston, for appellant.

Richard E. Anderson, Houston, for appellee.

Before SEERDEN, KENNEDY, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

J & J Equipment, Inc., appellant, filed suit for damages on an unpaid account and for foreclosure of a mechanic's and materialman's lien against Lawrence Pilkinton, the trustee of the property. By twelve points of error, appellant challenges the sufficiency of the evidence, and complains that the trial court erred in denying his motion for summary judgment, in granting Pilkinton's motion seeking leave to allow responses to request for admissions, and in denying the validity, perfection, and foreclosure of the lien and the retainage claim. We affirm the judgment of the trial court.

Pilkinton entered into an agreement with Lewis Carter, a general contractor, to demolish and level a building located on Pilkinton's property and to remove all waste. Carter contracted with C.D. Lowe, a subcontractor, for the demolition work. Lowe then entered into an agreement with appellant to supply equipment for use by Lowe on the demolition job. The evidence shows that neither Carter nor Lowe paid appellant lease-rentals in the amount of $7,005.22. Appellant attempted to perfect a mechanic's and materialmen's lien against the property.

Subsequently, appellant filed suit against Pilkinton, Carter, and Lowe. The trial court entered a take-nothing judgment in favor of Pilkinton. The court found for appellant against Carter in the amount of $7,005.22 plus interest, and legal fees of $3,000. Lowe, not having been served, did not appear, and the court dismissed the case against him without prejudice. The trial court filed findings of fact and conclusions of law.

By points of error numbers three and twelve, appellant contends that the trial court erred in entering a take-nothing judgment against Pilkinton, and denying appellant foreclosure of its lien and its motion for new trial because appellant perfected its lien and was entitled to recovery. By four points of error, appellant complains that findings of fact and conclusions of law related to the foreclosure procedure are against the great weight and preponderance of the evidence.[1]

█ We will not sustain the trial court's judgment based upon its findings and conclusions. However, it is the duty of an appellate court to affirm the judgment of the trial court if it is correct on any theory of law applicable to the case, regardless of whether the trial court gave the correct legal reason for the judgment. *Commerce Sav. Ass'n v. Welch*, 783 S.W.2d 668, 671 (Tex.App.—San Antonio 1989, no writ); *Talcott, Inc. v. Valley Fed. Sav. and Loan Ass'n*, 611 S.W.2d 692, 694 (Tex.Civ.App.— Corpus Christi 1980, no writ); *see Dennis v. T.H. Allison*, 678 S.W.2d 511, 514 (Tex. App.—Tyler 1984), *aff'd*, 698 S.W.2d 94 (Tex.1985); *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572, 584 (Tex.Civ.App.— Waco 1979, writ ref'd n.r.e.).

█ Section 53.021 of the Texas Property Code describes the persons entitled to a mechanic's and materialman's lien. A subcontractor is entitled to a lien if he furnishes labor or materials for construction or repair of a building in this state under or by virtue of a contract with the owner or the owner's subcontractor. Tex. Prop.Code Ann. § 53.021(a)(1)(A), (a)(2) (Vernon Supp.1993). Mechanic's and materialman's lien statutes confer no right to assert a lien for furnishing materials in the demolition or removal of structures, unless the contract provides that a lien may be

---

1. Challenged findings of fact include:
   13. Plaintiff never gave Defendant Pilkinton notice of the filing of the lien against his property prior to the filing of this lawsuit; and,
   21. The lien filed against the property owned by Pilkinton was not perfected properly against Pilkinton, making the lien invalid, null and void.

Challenged conclusions of law include:
   3. The lien was not proper on it's (sic) face;
   4. The affidavit of lien was not filed in compliance with 53.052, Texas Property Code; and,
   5. The affidavit of lien was invalid as to Pilkinton for failure of Plaintiff to give notice as per 53.056, Texas Property Code.

filed. *Big Three Welding Equip. Co. v. Crutcher, Rolfs, Cummings, Inc.,* 149 Tex. 204, 229 S.W.2d 600, 603 (Tex.1950). The agreement between Pilkinton and Carter did not provide for the filing of a contractual lien. We find no authority to support appellant's use of the statute referred to above to secure a lien against the Pilkinton property for demolition work.

■ We need not address appellant's arguments since without reliance upon the trial court's findings of fact and conclusions of law, we have concluded that a person is entitled to a lien against the property only for construction or repair of a building on the property, not for demolition and removal of the structure. Tex. Prop.Code Ann. § 53.021 (Vernon Supp. 1993); *Big Three Welding Equip.,* 229 S.W.2d at 603. Since the trial court reached the correct conclusion, any error in the court's findings leading to the correct conclusion is immaterial. *Ranger Ins. Co. v. Mustang Aviation, Inc.,* 641 S.W.2d 587, 592 (Tex.App.—Dallas 1982 writ ref'd n.r.e.). Points of error numbers three, five, six, eight, nine, and twelve are overruled.

Because of our disposition of the forgoing points, it is unnecessary to discuss appellant's remaining points of error. *See* Tex.R.App.P. 90(a).

The judgment of the trial court is affirmed.