436 P.2d 499

**The ARIZONA BANK, Appellant,**

v.

**Bob M. MORRIS, Appellee.**

**No. 1 CA–CIV 167.**

Court of Appeals of Arizona.

Jan. 22, 1968.

Review Denied Feb. 27, 1968.

Ryley, Carlock & Ralston, by Joseph P. Ralston, Phoenix, for appellant.

Rolle, Jones & Miller, Yuma, and Shimmel, Hill, Kleindienst & Bishop, by James B. Rolle, III, Phoenix, for appellee.

Brown, Vlassis & Bain, by Paul F. Eckstein and George E. Hilty, Phoenix, filed brief amicus curiae on behalf of American City Bank.

KENNETH C. CHATWIN, Superior Court Judge.

The opinion in this appeal was filed on 18 December 1967, 6 Ariz.App. 566, 435 P.2d 73. As of the date of this supplemental opinion, it has not been published in the official reports. A timely motion for rehearing was filed and objections thereto were presented to the Court. The motion for rehearing raised several points including the propriety of the Court's statement on page 76 of 435 P.2d of the opinion, namely:

"The clear import of 3 Hen. VII, Ch. 4, is that any trust settled for the benefit of the settlor is invalid notwithstanding

the lack of fraudulent intent on the part of the settlor."

The word "invalid" causes the concern expressed in a portion of the motion for rehearing. Numerous attorneys have requested leave to file amicus curiae briefs, the main thrust of these requests being directed to the above quoted portion of our opinion.

The opinion is herewith modified by adding the following at the end of and as a part of the paragraph containing the language heretofore quoted:

We are not called upon to determine and we do not determine the validity of the trust as between the settlor, the trustee and the beneficiaries of the trust. We hold that by a trust document similar to the one in question, the settlor may not place the assets of the trust, or the income therefrom, beyond the reach of the settlors' creditors and that the settlors' creditors may utilize recognized judicial procedures in reaching the income or the res. The use of the word "invalid" must be construed in the light of this holding.

The Court has considered all of the issues raised in the motion for rehearing. The opinion being modified as heretofore specified, the motion for rehearing is denied effective the date of the filing of this supplemental opinion.

DONOFRIO, Acting C. J., and STEVENS, J., concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from consideration of this matter, Judge KENNETH C. CHATWIN was called to sit in his stead and participate in the determination of this decision.