WENDELL SWAN v. VERNON SWAN, INDIVIDUALLY AND
AS REPRESENTATIVE OF
ARTHUR SWAN ESTATE, AND OTHERS.

241 N. W. 2d 817.

May 7, 1976—No. 45949.

*Gault, MacKenzie, Gustafson & Litynski* and *Warren E. Litynski,* for appellant.

*Erickson, Erie & Odland* and *Leonard A. Erickson,* for respondents Joyce Knutson and others.

PER CURIAM.

This appeal centers around an unfortunate family dispute involving the distribution of the family farm upon the father's death. The father left a will providing that his estate be divided equally among his nine children. In an effort to keep the farm in the family, the members of the family entered into a purported contract to control the disposition of the property, the enforcement of which is the purpose of this action.

The able trial court denied specific enforcement, holding that the agreement was unenforceable, null, and void.

Settlement of an estate by agreement of all heirs is generally favored, and the right of the heirs to agree among themselves to alter the interest and amount to which they are entitled under the will is recognized in our new Uniform Probate Code. Minn. St. 524.3—912.

The agreement, however, must contain the elements of a valid contract. A review of the proceeding and a mere reading of the agreement convinces us that a valid and enforceable contract was not entered into by the parties, and the trial court's refusal to enforce the contract must be affirmed.

Affirmed.