**In re ESTATE OF Christine E. JANDA, a/k/a Christine Janda, a/k/a Christina E. Janda, Deceased.**

**No. C0-84-492.**

Court of Appeals of Minnesota.

Aug. 14, 1984.

Robert M. Greising, Waterville, for respondent Christine Janda: Estate.

Harry Christian, Le Sueur County Atty., Le Center, appellant Le Sueur County Welfare Dept.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

### OPINION

POPOVICH, Chief Judge.

Respondent moves for dismissal of appellant's appeal alleging the appeal was untimely filed.

Dismissed.

## FACTS

Appellant, Le Sueur County Welfare Department, appeals from the judgment entered December 22, 1983 denying its claim for reimbursement of medical assistance against the Estate of Christine Janda. This judgment is appealable pursuant to Minn. Stat. § 525.71(5) (Supp.1983).

On January 31, 1984, respondent's counsel, representing the estate, mailed the findings of fact, conclusions of law, order for judgment and judgment to appellant's counsel. On March 16, 1984 appellant filed its notice of appeal.

Respondent moves for dismissal.

## ISSUE

Is appellant's appeal timely?

## ANALYSIS

1. Rule 104.01 of the Minnesota Rules of Civil Appellate Procedure provides in part:

An appeal may be taken from a judgment within 90 days after its entry, and from an order within 30 days after service by the adverse party of written notice of filing *unless a different time is provided by law.*

(Emphasis added).

Appeal of a probate matter is governed by Minn.Stat. §§ 525.71–525.731 (1982 and Supp.1983). The requisites of the appeal are set out in Minn.Stat. § 525.712 (1982) which provides:

The appeal may be taken by any person aggrieved within 30 days after service of notice of the filing of the order, judgment, or decree appealed from, or if no notice be served, within six months after filing of the order, judgment, or decree. Except as provided in this section, the appeal shall be perfected and determined upon the record as provided in sections 484.63 and 487.39.

2. Respondent alleges the appeal is untimely because the appeal should have been filed within 30 days after respondent served the findings of fact, conclusions of law, order for judgment and judgment on appellant by mail on January 31, 1984.

3. Appellant claims this appeal is governed by Minn.Stat. § 487.39 (Supp.1983), which provides in part:

Subdivision 1. To court of appeals. An aggrieved party may appeal to the court of appeals from a determination of a county court or a county municipal court. The provisions of this section govern all appeals from the county court and the county municipal court.

(a) Except as provided in clause (b), *the appeal in a civil case shall be in accordance with the rules of civil appellate procedure.*

\* \* \* \* \* \*

(Emphasis added). Appellant further argues because Minn.Stat. § 487.39 governs the appeal, Rule 104.01, Minn.R.Civ.App.P., applies and appellant has 90 days to appeal after entry of judgment.

4. Minn.Stat. § 525.712 and Minn. Stat. § 487.39 should be read together and if possible construed "so that effect may be given to both." Minn.Stat. § 645.26, subd. 1 (1982). A careful examination of the two statutes indicates they are reconcilable. The last sentence of Minn.Stat. § 525.712 (1982) states that *"[e]xcept as provided in this section,* the appeal shall be *perfected* and determined upon the record as provided in sections 484.63 and 487.39." (Emphasis added). This indicates a probate appeal is perfected pursuant to Minn.Stat. § 487.-39, but the time period to perfect the appeal is modified by the language in Minn. Stat. § 525.712.

5. Appellant also alleges because Minn. Stat. § 484.63 (1982) and Minn.Stat. § 525.-711 (1982) were repealed, the legislature intended to repeal Minn.Stat. § 525.712 but inadvertently failed to do so. Minn.Stat. § 525.712 was not repealed.

6. Rule 104.01, Minn.R.Civ.App.P., provides an appeal may be taken from a judgment within 90 days after its entry, "unless a different time is provided by law." Minn. Stat. § 525.712 requires the appeal be taken "within 30 days after service of notice

of the filing of the order, judgment, or decree appealed from, or if no notice be served, within six months after filing of the order, judgment, or decree."

On January 31, 1984 respondent mailed a copy of the findings of fact, conclusions of law, order for judgment and judgment to appellant's counsel. Appellant's notice of appeal should have been filed on or before Monday, March 5, 1984 but was not filed until March 16, 1984.

### DECISION

Appellant failed to file a notice of appeal within 30 days after service of notice of the filing of the judgment as required by Minn. Stat. § 525.712 (1982). Respondent's motion for dismissal is granted.

Dismissed.