In re **ESTATE OF Jerome David TRUHN, Deceased.**

No. C6–86–887.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Deborah Hedlund, pro se.

John A. Burton, Jr., O'Connor and Hannan, Minneapolis, for personal representative.

Alan C. Eidsness, Henson & Efron, Minneapolis, for Hedlund children.

Donald E. Wiese, Moss & Barnett, Minneapolis, for Truhn children.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This appeal is from a judgment entered approving the final account of the estate and ordering distribution according to a settlement agreement altering the terms of the decedent's will. Appellant objected to the final account and challenges on this appeal the approval of the settlement agreement. We affirm.

## FACTS

Jerome David Truhn died on April 30, 1982. He was survived by six children, born of two marriages. Three of the children, ages 18, 17 and 15 at the time of the hearing, were born to Truhn's marriage with Normie Offerlie. The remaining three children, ages nine, seven and six at the time of the hearing, were from Truhn's second marriage, to appellant Deborah Hedlund. This marriage was dissolved by judgment and decree entered on December 30, 1981.

The decedent's will, executed on February 9, 1979, provided for both sets of children by means of spendthrift trusts. The testamentary trust was to be divided into equal shares to provide one share for each child. The decedent named Hedlund as one of the trustees. Funds from the trust were to go only for tuition at an approved institution of higher education, until the child reached 25 years of age, with provisions for periodic payments or withdrawals thereafter.

The decedent was obligated by a 1974 divorce decree to pay $350 per month to Normie Offerlie for the support of their three children, until each child reached 21 years of age. A motion for increased support was pending at the time of his death. Although the Hedlund-Truhn dissolution decree split physical custody between the parties and required neither to pay child support, the court following Truhn's death established child support at $500 per month for the three children, payable by the estate. Both of the child support obligations were submitted as claims against the estate. Appellant also pursued claims to Truhn's Keogh plan and a portion of the proceeds of sale of the residence.

As a result of these claims as well as litigation over other issues, which threatened to exhaust the estate, the court appointed in May and June of 1983 guardians ad litem for each set of children. The court noted the conflict of interest between the mothers, each making claims against the estate, and the children as beneficiaries.

Hearings on the support claims petitions were continued while the attorneys sought an amicable settlement. In July 1983, the

guardian ad litem for the Offerlie children wrote to the trial court indicating that an agreement had been reached resolving the support claims. Meanwhile, other litigation delayed a closing of the estate.

In March of 1985, the personal representative submitted the final account. On April 3, 1985, the guardians ad litem, executed a stipulation on behalf of the children. The stipulation provided that in lieu of the equal division provided in the will, 55 percent of the residue of the estate would be distributed in trust for the benefit of the Hedlund children, and 45 percent distributed for the Offerlie children. The distribution was altered to compensate for the greater duration of the Hedlund children's claims to support.

The trial court found that the estate was sufficient to satisfy the existing child support obligations from income without invading principal. The court approved the stipulation establishing a 55 percent–45 percent split of the estate.

The court's order for judgment was filed on November 1, 1985. Hedlund moved for amended findings, conclusions and order. This motion was denied, and judgment was entered on February 21, 1986. The court's notice of entry of judgment was sent to all parties, dated the same date. This appeal was filed May 27, 1986. No notice of entry of judgment from any party has been filed.

### ISSUES

1. Is the appeal timely?

2. Did the trial court err in approving the stipulation?

### ANALYSIS

1. *Timeliness of appeal*

■ This appeal was timely filed. Appeal of a probate matter is governed by Minn.Stat. § 525.712 (1984). Minn.Stat. § 525.712 (1984). *In Re: Estate of Janda,* 353 N.W.2d 211, 212 (Minn.Ct.App.1984). That statute requires that a notice which cuts short the time for appeal must be served by an adverse party. *Timm v. Brauch,* 133 Minn. 20, 22, 157 N.W. 709, 710 (1916) (interpreting predecessor statute). Although respondents gave notice of the filing of the order for judgment, no notice was given of the entry of judgment, from which the appeal must be taken. *See* Minn.R.Civ.App.P. 103.03(a); *cf. Estate of Janda,* 353 N.W.2d at 212 (notice given of filing of the judgment after it had been entered). Therefore, the appeal was timely filed.

2. *Approval of the Stipulation*

A compromise agreement among successors must be in writing, and executed by all competent persons and parents acting for any minor child having beneficial interests or having claims which will or may be affected by the compromise. Minn.Stat. § 524.3–1102(1) (1984).

■ Appellant, although having minor children with both beneficial interests and claims, was not acting for the children and her approval of the compromise agreement was not required. *See* Minn.Stat. § 524.3–1102(1), (3) (1984). The trial court properly appointed guardians ad litem after determining that the interests of the children were not adequately represented due to adverse claims. *See* Minn.Stat. § 524.1–403(4) (1984). Nor was the signature of appellant as a trustee of the testamentary trust required for approval. *See* Minn.Stat. § 524.3–1102.

■ The settlement of disputes without litigation is highly favored and such settlements will not be lightly set aside by the courts. *Johnson v. St. Paul Insurance Co.,* 305 N.W.2d 571, 573 (Minn.1981). The stipulation altered the terms of the will only by readjusting the division of assets between the two sets of children to account for the lesser ages of the Hedlund children, who would thus be entitled to greater amounts of child support in the future. Although the children surrendered opportunities for future support increases, they will receive in return increased benefits from the trusts. The stipulation was a valid contract supported by sufficient con-

sideration. *Swan v. Swan,* 308 Minn. 466, 241 N.W.2d 817 (1976).

█ The agreement should have been signed by the eldest of Truhn's children, who had reached the age of 18 in August, 1984. We will, however, presume the validity of the settlement agreement. *Sorenson v. Coast-to-Coast Stores (Central Organization), Inc.,* 353 N.W.2d 666, 670 (Minn.Ct.App.1984). While the stipulation could be challenged by this beneficiary, it is not subject to challenge by appellant.

The guardian ad litem and attorney for the Hedlund children seeks attorneys fees for services rendered in this appeal. Since the guardian ad litem represented the children rather than the estate, attorneys fees will be allowed, along with costs and disbursements, under Minn.R.Civ.App.P. 139 rather than Minn.Stat. § 525.515 (1984). Fees to be awarded will be based on a proper affidavit filed within ten days of the release of this opinion, and will be payable by appellant rather than the estate.

### DECISION

The appeal was timely filed. The trial court did not err in approving the stipulation.

Affirmed.