In the Matter of Dennis F. SWANSON and Janice C. Swanson, and David A. Johnson and Patricia A. Johnson, Debtors.

Sheridan J. BUCKLEY, Trustee of the Bankruptcy Estate of Dennis F. Swanson and Janice C. Swanson, and of David G. Johnson and Patricia A. Johnson, Plaintiff–Appellee,

v.

BOARD OF TRUSTEES OF the TEACHERS RETIREMENT FUND, Defendant–Appellant.

Hubert H. HUMPHREY, III, Attorney General, State of Minnesota, Appellant,

v.

Sheridan J. BUCKLEY, Trustee, Appellee.

Bankruptcy Nos. 3–85–57, 3–83–1684. Adv. Nos. 3–85–214, 3–85–115. Civ. No. 4–87–727.

United States District Court, D. Minnesota, Fourth Division.

Nov. 2, 1987.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., pro se.

Merwin Peterson, Asst. Atty. Gen., St. Paul, Minn., for appellant.

Sheridan J. Buckley, St. Paul, Minn., pro se.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on appellant's appeal from a bankruptcy court order. The appeal will be denied and the bankruptcy court affirmed.

## FACTS

This case arises from consolidated bankruptcy proceedings involving debtors Dennis F. Swanson and Patricia A. Johnson. Both debtors have been and continue to be employed as teachers by Minnesota school districts. As such, both are required to be members of the Minnesota Teachers Retirement Association (TRA), which contains a state-created pension fund (Fund) that provides retirement benefits to Minnesota teachers pursuant to Minn.Stat. § 354. The issue raised on appeal is whether the debtors' statutorily-mandated contributions to the pension fund are property of the estate for the purposes of 11 U.S.C. § 541(c)(2) and therefore subject to the reach of their creditors.

The appellee, Chapter 7 trustee Sheridan Buckley, demanded that the TRA turn over the proceeds of the debtors' contributions to the Fund to their respective estates. When the TRA refused, the trustee initiated adversary proceedings in bankruptcy court which were consolidated. The bankruptcy court found the debtors' contributions to the Fund were property of the estate and ordered the TRA to turn them over to the trustee. The TRA, represented by the State of Minnesota, now appeals. Jurisdiction over the appeal is proper under 28 U.S.C. § 158(a).

The Fund is statutorily created pursuant to the Minnesota Teachers Retirement Act (Act), Minn.Stat. § 354. Under the terms of the Act both the teacher and the employer are required to contribute a specified percentage of the teacher's salary to the Fund. Minn.Stat. § 354.42(2), (3). The plan provides annuities to members at retirement age pursuant to a statutory formula based on the teacher's highest average five years of salary multiplied by one percent a year for the first ten years of service and one and one-half percent for each year thereafter. Minn.Stat. § 354.-44(6). If a teacher resigns from employment prior to retirement age the teacher is entitled to a refund for his or her contributions plus interest but not those of the employer. Minn.Stat. §§ 354.05(11), 354.-49(2). When a teacher resigns, the teach-

er's membership in the TRA is terminated and he or she is no longer eligible for any further benefits. Minn.Stat. § 354.49(4).

The facts, as stipulated by the parties, are that as of October 3, 1983 debtor Swanson had $10,369.34 in his TRA account, had been a TRA member for 13.6 years and would be eligible to receive $13,823.73 if he had terminated his employment as of that date. Also as of October 3, 1983 debtor Johnson had $9,548.03 in her TRA account, had been a TRA member for 19 years and would be eligible to receive $13,354.83 if she had terminated her employment as of that date.

## DISCUSSION

### I. Exclusion of Spendthrift Trust from Property of the Estate

#### A. Bankruptcy Law

■ Under the Bankruptcy Code, all property in which the debtor has a legal or equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). As the legislative history demonstrates, the sweep of this section was intended to be quite broad. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 206, 103 S.Ct. 2309, 2314, 76 L.Ed.2d 515 (1983). Accordingly, the bankruptcy court properly concluded that the debtors' interests in the Fund were equitable interests which thus became property of their respective estates. Appellant does not argue otherwise. At issue, however, is whether the debtors' interests in the Funds are excluded from the estate under 11 U.S.C. § 541(c)(2). Section 541 sets out a general rule that any provision intended to restrict the debtor's transfer of property is ineffective to prevent the property from becoming part of the estate. 11 U.S.C. § 541(c)(1)(A). An exception to this rule is contained in section 541(c)(2) which provides:

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

The phrase "under applicable nonbankruptcy law" is narrowly construed and refers only to the law of traditional spendthrift trusts. *In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984); *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985). Accordingly, the issue on appeal is whether the Fund is enforceable as a traditional spendthrift trust under Minnesota law. *Lichstrahl*, 750 F.2d at 1490; *In re Daniels*, 771 F.2d 1352, 1369 (9th Cir.1985), *cert. denied sub nom. Daniel v. Security Pacific National Bank*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). If the Fund is a spendthrift trust, then the debtors' interests in the Fund are excluded from their respective estates. If it is not a spendthrift trust, then the debtors' interests in the Fund remain part of their estates and are subject to creditors' claims unless otherwise exempted.

A spendthrift trust is a trust "in which the power of alienation has been suspended." *In re Moulton's Estate*, 233 Minn. 286, 46 N.W.2d 667, 670 (1951). More specifically, a spendthrift trust is a trust "in which the right of the beneficiary to future payments of income or capital cannot be voluntarily transferred by the beneficiary or reached by his or her creditors." *Graham*, 726 F.2d at 1271. Appellant claims the Fund is a spendthrift trust under Minnesota law because of two key provisions of Minn.Stat. § 354. The first establishes that the Legislature intended to create a trust by providing a board of trustees who "shall act as trustees with a fiduciary obligation to the state of Minnesota which created the fund, the taxpayers which aid in financing it and the teachers who are its beneficiaries." Minn.Stat. § 354.06(1). The second key provision provides in relevant part:

The right of a teacher to take advantage of the benefits provided by this chapter, is a personal right only and shall not be assignable. All money to the credit of a teacher's account in the fund or any money payable to the teacher from the fund shall belong to the state of Minnesota until actually paid to the teacher or a beneficiary pursuant to the provisions of this chapter. Any power of attorney, assignment or attempted assignment of a teacher's interest in the fund, or of the beneficiary's interest

therein, by a teacher or a beneficiary, shall be null and void and the same shall be exempt from taxation under chapter 291 and from garnishment or levy under attachment or execution, except as provided in section 518.611.

Minn.Stat. § 354.10. Accordingly, appellant argues this section creates an enforceable spendthrift trust under Minnesota law, thereby excluding the debtors' interests in the Fund from the reach of their bankruptcy estates.

## B. The Decision Below

The bankruptcy court below rejected this argument on the grounds that the Fund was not a spendthrift trust under Minnesota law. In so holding the court followed the decision in *In re Werner*, 31 B.R. 418, 421 (Bankr.D.Minn.1983) which also found that the Fund was a spendthrift trust under Minnesota law. The court below interpreted *In re Moulton's Estate*, 233 Minn. 286, 46 N.W.2d 667 (1951) as creating a three-prong test for spendthrift trusts: 1) that the settlor of the trust not be the beneficiary; 2) that the trust contain an alienation provision prohibiting voluntary and involuntary transfers; and 3) that the beneficiary had no present control or dominion over the trust corpus. Bankruptcy Opinion at 6.

The court concluded that the Fund was not a spendthrift trust because it failed each prong of the test. First the court found that since the Fund was driven in part by teacher salaries, the teachers were themselves settlors and thus violated the first prong. Second, the court noted that the trust was not immune from claims of child support or alimony whereas under Minnesota common law spendthrift trusts are exempt from even those types of claims. *See, e.g., Smith v. Smith*, 312 Minn. 541, 253 N.W.2d 143 (1977). Finally, the court found that the debtors had a limited degree of control over the trust because they could select certain planning alternatives and/or could elect to terminate the employment prior to retirement age and receive a full refund. The court concluded this limited degree of control was

inimicable to the notion of a traditional spendthrift trust. Bankruptcy Op. at 9.

## C. Spendthrift Trusts

There is little Minnesota case law dealing with the subject of spendthrift trusts. The seminal case remains *In re Moulton's Estate*, 233 Minn. 286, 46 N.W.2d 667 (1951) which involved construction of a family support trust where the three life beneficiaries attempted to assign their interests in the trust. The issue before the *Moulton* court was whether the trust instrument was intended as a spendthrift trust despite the absence of specific language in the instrument to that effect. While the factual disparity between *Moulton* and the present case is significant *Moulton* does shed some light on the traditional spendthrift trust in Minnesota:

The validity of a spendthrift trust is upheld on the theory that the owner of property, in the free exercise of his will in disposing of it, may secure such benefits to the objects of his bounty as he sees fit and may, if he so desires, limit its benefits to persons of his choice, who part with nothing in return, to the exclusion of creditors and others.

*Moulton*, 46 N.W.2d at 470. This is indeed the traditional theory under which spendthrift trusts have been upheld. *See Overman's Appeal*, 88 Pa. 276, 281 (Pa.1879); G. Bogert, *Trusts and Trustees* § 222 at 384–85 (2d ed. revised 1979).

*Moulton* thus contemplates a spendthrift trust arrangement in which a third person gratuitously receives the benefit of a donor's property without giving anything in return but where the donor restricts the beneficiary's ability to transfer or otherwise alienate the property. Indeed, this arrangement appears to be ubiquitous in all the Minnesota case law dealing with spendthrift trusts. *See, e.g., In re Estate of Truhn*, 394 N.W.2d 864, 865 (Minn.Ct. App.1986) (testator's trust for children); *Matter of Trust Created Under Agreement with McLaughlin*, 361 N.W.2d 43, 44 (Minn.1985) (same).

Accordingly, the conceptual problem presented by this case stems from "the

difficulty of fitting a retirement trust within the traditional definition of a spendthrift trust." Wohl, *Pension and Bankruptcy Laws: A Clash of Social Policies*, 64 N.CA.L.REV. 3, 15 (1985). Unlike traditional spendthrift trusts, the debtors here are both donors and beneficiaries. As beneficiaries they benefit from their employers' mandated contributions to the Fund. As donors, albeit compelled ones, they provide a portion of their salary to the Fund. Both this unusual characteristic and the fact that the teachers can withdraw the amounts they have contributed to the Fund upon ceasing to be a teacher lead Court to agree with the bankruptcy court that the Fund is not an enforceable spendthrift trust with regard to the funds contributed by the teachers themselves.

It is a basic rule under common law that a person cannot create a spendthrift trust for his own benefit. *Restatement (Second) of Trusts* § 156(1) (1957). This rule has its roots in early English common law where in 1487 under 3 Henry VII, Ch. 4 a statute provided:

> All deeds of gift of goods and chattels, made or to be made in trust to the use of that person or person that made the same deed of gift, be void and of none effect.

*quoted by Arizona Bank v. Morris*, 6 Ariz. App. 566, 435 P.2d 73, 76, *clarified by,* 7 Ariz.App. 107, 436 P.2d 499 (1968). It is quite immaterial to this rule that the settlor-beneficiary had no intention to defraud his creditors. *Restatement (Second) of Trusts* § 156, comment (a); *Arizona Bank,* 435 P.2d at 76. The appellant attempts to avoid this rule by arguing that the state of Minnesota alone is the actual settlor of the Fund since it created the Fund, drafted the terms of the trust, and determines how the Fund's assets are managed, invested and distributed. The difficulty with this argument is that the proscription against settlors being their own beneficiaries applies with equal force to "indirect" settlors, *i.e.,* those who procure the creation of trusts for their own benefit or give consideration for the creation of trust for their own

benefit. *Restatement (Second) of Trusts* § 156, comment f and Illustration 2; G. Bogert, *Trust and Trustees* (2d revised ed. 1979) § 223.

■ In this case the Court finds that the teachers, qua donors, are in the position of indirect settlors of the trust with regard to amounts they contribute to the Fund. These amounts are tantamount to accrued wages which should be made part of the bankruptcy estate and available to creditors unless otherwise exempted. Several cases have emphasized the importance of distinguishing between an employer's and an employee's contributions to a purported spendthrift trust. *See In re Berndt,* 34 B.R. 515, 517 (Bankr.N.D.Ind.1983) (employer's contribution to plan excluded but employee's own funds were property of the estate); *In re West,* 64 B.R. 738, 743 (Bankr.D.Or.1986) (finding pension plan did qualify as spendthrift trust in part because it was not funded by the debtor's own assets or assets over which he had control); *Hines v. Sands,* 312 S.W.2d 275 (Tex.Civ. App.1958) (upholding as valid spendthrift trust an employer-created pension plan because the trust was entirely funded by the employer). *In re Ridenour,* 45 B.R. 72, 78 n. 4 (Bankr.E.D.Tenn.1984) (distinguishing prior case as involving a plan "funded and controlled by the debtor's employer, an entity clearly distinct from the debtor"). *See also, In Matter of Campell's Trusts,* 258 N.W.2d 856, 868 (Minn.1977) (noting that purported settlor of trust was in effect nominal settlor where funds for the trust were entirely provided by third party who maintained control over the trust). Although the Fund was clearly not created to defraud creditors, that fact is immaterial to the rule preventing a person from placing their assets in an enforceable spendthrift trust for their own benefit. *Restatement (Second) of Trusts* § 156, comment (a).

■ The Court also finds that the court below properly emphasized the fact that the teachers' ability to withdraw their own contributions was also contrary to a traditional spendthrift trust.[1] There is a split of

---

1. At oral argument appellant suggested that if

the funds are reachable by the trustee, the

authority on whether such a contingent right of withdrawal precludes a finding of a spendthrift trust. *Compare In re Wiggins,* 60 B.R. 89, 94–95 (N.D.Ohio 1986) (remote contingency of withdrawal did not defeat finding of spendthrift trust) with *In re Sundeen,* 62 B.R. 619, 620 (Bankr.C.D. Ill.1986) (possibility of withdrawal upon termination of employment defeated spendthrift statuts). In the present case the Court concludes that a teacher's right of withdrawal of his or her own funds upon termination of employment, precludes a finding of spendthrift trust. The trust arrangement at issue is not enforceable as a traditional spendthrift trust under Minnesota law.

Based on the foregoing, and upon review of all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that:

1. appellant's appeal is denied;

2. the bankruptcy court's order is affirmed.

teachers would automatically forfeit their right to benefit from the corresponding contributions of their employers even if the teachers did not

retire. The Court notes that nothing in section 354.49 of the Teachers Retirement Act appears to require this result.