**In the Matter of the Application of Sally S. CHESTERMAN to Register Title to Certain Land.**

No. C4–87–1840.

Court of Appeals of Minnesota.

March 15, 1988.

Kurt S. Fischer, City Atty., Albert Lea, for appellant City of Albert Lea.

John Chesterman, Peterson, Chesterman, Erickson, Anderson and Hareid, P.A., Albert Lea, for respondent Sally Chesterman.

Considered and decided by HUSPENI, P.J., and PARKER and FORSBERG, JJ., without oral argument.

## OPINION

HUSPENI, Judge.

The City of Albert Lea appeals from an order denying its motion for amended findings of fact and conclusions of law or in the alternative for a new trial. The city claims it has a public street easement extending in width from the shoreline of Fountain Lake to the southwesterly lot line of respondent's property, as that lot line is indicated on an 1899 plat entitled Oakwood Park Addition to the City of Albert Lea. The city mailed its notice of appeal twenty-nine days after being served with the trial court's order but thirty-three days after the order was filed with the clerk of the trial court. We dismiss.

## FACTS

The plat of Oakwood Park Addition was executed by the fee owner and contained certifications by the county surveyor, treasurer and auditor, as well as a certification by the city clerk that the city council had approved the plat. The plat was stamped "received for record" by the county recorder when it was filed in 1899. Since then all transfers of property have been made by reference to the lot and block numbers designated on the plat.

The strip of land from respondent's southwesterly lot line to the shoreline of Fountain Lake is designated on the plat as part of Oakwood Drive. The city has maintained a 12–foot wide gravel road over this strip of land and has not otherwise used the remaining width of Oakwood Drive. Respondent and her predecessors have maintained a decorative fence, trees, grass and shrubs on that portion of Oakwood Drive lying between her southwesterly lot line and the northeasterly line of the gravel road.

In an action brought by respondent under Minn.Stat. Chapter 508 to register title to land, the trial court concluded the plat was a "valid, duly approved and recorded Plat." However, the trial court also found that "the City has not accepted, treated, or developed said Oakwood Drive as a typical, platted city street." It therefore concluded "the City's public street easement of Oakwood Drive * * * should be limited to the width of twelve feet at its present location."

Pursuant to its findings and conclusions of May 7, 1987, the trial court entered an order and decree of registration of title on May 15, 1987. The city timely moved for a new trial or for amendment of the May 7 findings and conclusions. The order denying these motions was filed with the clerk of court on August 14, 1987, and served upon the city's attorney on August 18, 1987. The city subsequently mailed its notice of appeal on September 16, 1987. This court on its own motion raised the issue of whether the appeal was timely filed. Both parties submitted supplemental briefs on that issue.

## ISSUE

Is the city's appeal timely?

## ANALYSIS

 Minn.R.Civ.App.P. 104.01 provides:

An appeal may be taken from * * * an order within 30 days after service by the adverse party of written notice of filing *unless a different time is provided by law.*

*Id.* (emphasis added). A different time is provided under Minn.Stat. § 508.29 (1986) which must govern here.

The city appeals from an order denying a new trial in an action brought under Chapter 508. Section 508.29(3) requires that an appeal from the order denying a new trial be taken "within 30 days from the date of *filing* of the order." *Id.* (emphasis added). This appeal was not filed within the time period mandated by the statute.

The city argues that Minn.R.Civ.App.P. 104.01 should control unless "the essential purpose of (Chapter 508) would be frustrated by application of the rule." *In the Matter of the Petition of Brainerd National Bank,* 383 N.W.2d 284, 286 (Minn. 1986) (citing *Guillaume & Associates, Inc. v. Don–John Co.,* 336 N.W.2d 262, 263 (Minn.1983)). Consequently, the city asserts Rule 104 should apply because it does not unduly extend the time an action is pending and thus does not frustrate the purpose of Chapter 508.

The city's reliance upon *Brainerd* and *Guillaume* is misplaced. The potential for inconsistency between a Rule and a statute recognized in those cases is absent here. The language of Rule 104.01 precludes raising any question of inconsistency. The Rule applies only in the absence of a statute to the contrary. *See also In re Estate of Janda,* 353 N.W.2d 211 (Minn.Ct.App. 1984) (Minn.Stat. § 525.712, not Rule 104.-01, governs appeal from probate decision).

Because the city's appeal is untimely and must be dismissed, we do not reach the merits of this action.

## DECISION

The appeal of the city of Albert Lea is untimely and hereby dismissed.

Dismissed.