In re Eugene Lloyd **BURGETTE**, Debtor.

**Bankruptcy No. 89–42496–W–13.**

United States Bankruptcy Court, W.D. Missouri.

May 3, 1990.

Neil S. Sader, Kansas City, Mo., for debtor.

Rick Fink, Chapter 13 trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor has filed for relief under 11 U.S.C. § 1301, et seq., and the Chapter 13 Trustee has raised the ghost of 11 U.S.C. § 1325(a)(4). Most simply it is the Trustee's position that debtor's pension fund should be part of debtor's estate. If so, creditors would receive more under a Chapter 7 liquidation than under debtor's proposed Chapter 13 composition. 11 U.S.C. § 1325(a)(4) forbids such a result. There-

fore, it is necessary to determine if debtor's pension is an asset reachable by creditors in a Chapter 7 proceeding.

Debtor has been employed by the City of Kansas City, Missouri, for fifteen years. Debtor had built up, as of the filing date, the sum of Fourteen Thousand Nine Hundred Fifty-two Dollars and Three Cents ($14,952.03) in a state mandated retirement system. See R.S.Mo. 70.600 through R.S.Mo. 70.745. Under this statutorily regulated system, debtor as a condition of his employment must contribute 5% of his base salary to the fund and the City must also contribute. City employees have certain minimum rights which vest after five years. City employees cannot reach any of the funds absent death, retirement, or termination of employment. Most importantly R.S.Mo. 70.695 provides:

> The right of a person to an allowance, to the return of accumulated contributions, the allowance itself, any allowance option, and any other right accrued or accruing under the provisions of sections 70.600 to 70.755, and all moneys belonging to the system shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or to any other process of law whatsoever, and shall be unassignable, except as is specifically provided in sections 70.600 to 70.755; except that any political subdivision shall have the right of setoff for any claim arising from embezzlement by or fraud of a member, retirant, or beneficiary.

In considering the effect of that statute, it must be remembered that the State of Missouri has elected to "opt out" of the federal scheme of exemptions and to allow only those exemptions created by the state legislature. Since the state legislature has seen fit to exempt all employees of any governmental subdivision of the State of Missouri as to all funds in the statutory retirement system from any type of alienation, voluntary or involuntary, these funds, even if property of the estate, are exempted by statute and may not be considered in the 11 U.S.C. § 1325(a)(4) context. Thus, the constraints of 11 U.S.C. § 1325(a)(4) are not intrusive upon debtor's proposed plan. The plan may be confirmed.

Hopefully, this one small step in the exploration of the parameters of the pension and profit sharing arena is consonant and in harmony with the potential conflicts between the principles announced in *Guidry v. Sheet Metal Workers National Pension Fund, et al.,* —— U.S. ——, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990); *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *In re Graham,* 726 F.2d 1268 (8th Cir.1984); *In re Swanson,* 79 B.R. 422 (D.Minn.1987); *In re Boon,* 108 B.R. 697 (W.D.Mo.1989).

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.