**In re Anthony Kim PUGH and Shawn Greer Pugh, Debtors.**

**Charles L. Riley, Jr., Trustee, Plaintiff,**

**v.**

**Anthony Kim Pugh; Shawn Greer Pugh; Yvonne Gaston Trust, by and through its alleged trustee, Anthony Kim Pugh, Defendants.**

**Bankruptcy No. 01–05798–PHX–RJH. Adversary No. 01–01130.**

United States Bankruptcy Court, D. Arizona.

March 7, 2002.

Terry A. Dake, Phoenix, AZ, for Plaintiff.

Mark A. Bregman, Bregman & Burt, Scottsdale, AZ, for Defendants.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

The Chapter 7 Bankruptcy Trustee Charles L. Riley, Jr. ("Trustee") has filed an adversary complaint seeking, among other things, a declaration invalidating the spendthrift trust provisions of a trust set up for the benefit of the Debtor Anthony Kim Pugh ("Debtor"). The Trustee has moved for partial summary judgment seeking to invalidate the spendthrift provisions, and the Debtor has cross moved. The cross motions have been fully briefed and argued, and there are no material facts in dispute.

The Court concludes the spendthrift provision is invalid because in reality, although not in name, the beneficiary is the sole person acting as trustee.

## Factual Background

Debtor's mother had lung cancer. She had a son and a daughter, but knew that her son was suffering financial difficulties. In September of 2000, she met with an attorney to arrange for the disposition of her assets upon her death. She created a trust into which most of her assets would flow upon her death. The son and daughter were to be both trustees and beneficiaries of their own trusts, and could distribute the assets of the trust to themselves equally. The trust contained a spendthrift provision in Article V, and provided in Article VII that "each beneficiary [i.e., the son and the daughter] shall become the trustee of his or her own share, but before any money is withdrawn from the trust share, the beneficiary must name a person of suitable age and discretion to serve as co-trustee. No beneficiary acting as Trustee may exercise Trustee's discretion to make distributions of principal to a beneficiary without the agreement of the co-trustee." Trust Article VII ¶ A.

The mother died on December 27, 2000. The Debtor purportedly executed a disclaimer on February 21, 2001, so that his one-half of the inheritance would flow to the trust rather than to himself directly. On that same date the Debtor purportedly executed a certificate naming his sister, Candice Lee Butcher, as co-trustee.[1] In March and April, 2001, proceeds from the mother's estate were deposited into a World Savings Bank account designated in the name of the trust and reflecting the Debtor and his sister as co-trustees. Additional, smaller amounts of income were subsequently received by the mother's estate in May and August of that year, which the Debtor deposited into the bank account and then wrote a check to his sister

for her one-half. The Debtor filed his Chapter 7 case on May 4, 2001.

The Debtor made deposits into, and drew checks upon, the trust account without his sister's signature or even her consent or knowledge. In his Separate Statement of Facts, the Chapter 7 Trustee has summarized the rather lengthy deposition of the Debtor into the following undisputed statement of fact, to which the Debtor has not objected:

> That [trust] bank account had been set up and was controlled exclusively by [the Debtor]. From there, [the Debtor] has controlled and spent the proceeds of the assets that were paid over to him, without the involvement of [his sister]. [Debtor], without [his sister's] knowledge, consent or involvement, has paid his house payments, his car payments, and his other personal debts from the alleged trust bank account without the knowledge or participation of [his sister]. In fact, [his sister], having received her share of [the mother's] assets, claims no interest of any nature in the alleged trust or its assets and has nothing to do with it. (Citations omitted).

## Legal Analysis

■ The Bankruptcy Code recognizes spendthrift trusts to the extent that they are enforceable under state law, and assets in a valid spendthrift trust do not become property of the estate. Bankruptcy Code § 541(c)(2).

■ A valid spendthrift trust cannot exist where the sole beneficiary is also the sole trustee. In re Kaplan, 97 B.R. 572, 577 (9th Cir. BAP 1989)(applying Arizona law, which looked to the Restatement of

---

1. This certificate is somewhat suspicious because it is purportedly notarized by a notary public, but the purported notary's signature is illegible and is not accompanied by a seal or the date of expiration of the notary's commission as required by A.R.S. § 41–313B.

the Law for the appropriate common law rule prior to adoption of a statute). "The primary consideration in determining whether a trust qualifies as a spendthrift trust is the debtor's degree of control over his trust." *Id.*

In just a year after the *Kaplan* decision, Arizona adopted statutes providing for spendthrift trusts. In particular, they provide that the spendthrift provision is valid "even if the beneficiary ... is also one of the multiple trustees of the trust," but "is invalid if the sole beneficiary of the trust is also the sole trustee of the trust." A.R.S. § 14–7706 A & B. That same statute also provides that the spendthrift provision "is valid even if the beneficiary has the power or right to consult with or direct the trustee concerning the investment of all or part of the assets of the trust." A.R.S. § 14–7706C.

■ Here it is undisputed that the Debtor's sister was named as a co-trustee of the Debtor's spendthrift trust, but that she did not know she was a trustee and certainly did not act as a trustee. Indeed, the Debtor argues that she need not know that she is a trustee nor act like one unless and until a creditor attempts to reach trust assets: "[The sister's] principal duty as co-trustee in the Yvonne Gaston Trust is to be available to deny creditors the right to attach the assets of the trust as contemplated by the statute. That duty can be discharged without knowledge of the day to day management of the trust. She is a standby trustee ready and willing to serve when needed." Debtor's Response at 9. On that premise, Debtor argues that the fact that the sister was "not an active or knowledgeable trustee" is legally irrelevant. *Id.*

■ Debtor's argument is contrary to the whole concept of a spendthrift trust and cannot have been the intent of Arizona's legislators who enacted the statute in 1990. The concept of a spendthrift trust is to provide a trustee who exercises discretion as to when to distribute trust principal or income to the beneficiary, to protect the beneficiary from his spendthrift proclivities. This essential concept of trustee discretion not only underlies the Arizona statute but is also expressly found in its language: "If a trust instrument allows the trustee to exercise discretion in the use of income or principal, a transferee or creditor of the beneficiary may not compel the trustee to pay an amount that may be paid only in the exercise of his discretion." A.R.S. § 14–7704A. Obviously a trustee who does not know she is a trustee cannot possibly exercise such discretion. The facts here are undisputed that she exercised no such discretion, because the Debtor made withdrawals from the trust bank account and spent the money without her knowledge.

The necessity that a trustee actually be capable of exercising discretion with regard to distributions to the beneficiaries is not limited by the language of A.R.S. § 14–7706C, quoted above. That provision merely permits the beneficiary to govern the *investment* of the trust assets, *i.e.*, whether they are to be invested in the stock market or government bonds or certificates of deposit, not to compel the *distribution* of the assets to the beneficiary.

Moreover, there is nothing in the statute that indicates an intent to deviate from the common law relied on in *Kaplan, supra.* Indeed, the Arizona statute contains an express provision prohibiting self-settled spendthrift trusts, a concept found at the very core of the common law of trusts at least since Henry VIII. *See Arizona Bank v. Morris,* 6 Ariz.App. 566, 435 P.2d 73 (1967), *as amended,* 7 Ariz.App. 107, 436 P.2d 499 (1968).

Consequently this Court concludes that a spendthrift trust provision is not valid under either A.R.S. § 14–7706 or under *Kaplan* if the trustee(s) other than the beneficiary is either not capable of exercising informed discretion as to distributions to the beneficiary (either because of lack of knowledge, as here, or otherwise) or does not in fact do so. In the absence of such a knowledgeable and discretion-exercising trustee, the beneficiary is in reality the sole trustee, so the spendthrift trust provision is invalidated by A.R.S. § 14–7706B and by the common law relied on in *Kaplan*. Because the statute does not evidence any intent to change the common law in relevant respects, decisions such as *Kaplan* and *Morris* remain good law except to the extent expressly overruled by the statute, and the statute should be construed consistent with the common law. A.R.S. § 1–201; *United Bank v. Mesa N.O. Nelson Co., Inc.*, 121 Ariz. 438, 590 P.2d 1384 (1979).

For the foregoing reasons, the Trustee's Motion for Partial Summary Judgment is granted. The spendthrift trust provisions are declared invalid and the Debtor's share of the trust is declared to be, and always has been, property of the estate pursuant to Bankruptcy Code § 541. Because this Partial Summary Judgment does not grant the Plaintiff Chapter 7 Trustee any particular remedy, however, this is not a final appealable order as it does not finally resolve this dispute.